### THE G., C. & SANTA FE R'Y CO. v. F. G. EVANSICH, JR.

(Case No. 1924.)

1. CHARGE OF COURT.— In an action for damages against a railway company, brought by the father, for injury done his little son, by the company's negligence, in leaving unfastened a turn-table, and the child, in playing on it, was hurt, there was evidence tending to show that the table was well fastened; that it could not have been unfastened by a child of tender age, and that it was unfastened by those old enough to be responsible for their negligence. *Held,* that a charge of the court was proper and sufficient to the effect that, if the evidence showed that defendant's employees had fastened the turn-table, so that a boy of the age and strength of the child injured could not have removed it from its fastenings, or put it in motion, and that the turn-table had been moved and put in motion by other persons, and that the child was injured in consequence of the neglect of such third persons, then the negligence of the railway company, if any, would not be the proximate cause of the injury, and the jury should find for the defendant.

2. CHARGE OF COURT.—CASE CITED AND APPROVED.— A charge of the court as to the legal liability of the railway company to keep its turn-tables locked, as considered in the case of G., C. & S. F. R'y Co. *v.* Evansich, 61 Tex., 5, cited and approved.

3. EVIDENCE.— Testimony of a witness to the effect that another child had been hurt on the same evening that plaintiff was injured is admissible in an action for damages for injuries done to a child by the failure of the railway company to secure properly its turn-table.

4. DAMAGES — TEMPORARY DISABILITY OF MINOR — CHARGE OF COURT.— The father of the injured child having recovered damages for the temporary disability that may have been incurred by his child from negligence on the part of the railway company in not properly securing its turn-table, so that children would not be injured by playing on the same, such minor son, owing services to his father, cannot recover for loss of time or inability to labor or earn money during his minority, and a charge of the court to the effect that the jury may award damages to the minor individually for such temporary bodily disability was error.

5. SAME — CASES CITED AND APPROVED.— Stewart *v.* City of Ripon, 38 Wis., 583; Traver *v.* Railroad Co., 3 Keyes (N. Y.), 499; Minick *v.* City of Troy, 19 Hun (N. Y.), 256; Lewis *v.* Farrell, 46 N. Y. Superior Ct. Rep., 358, and, also, Sutherland on Damages, vol. 3, p. 120.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

Appellee filed suit in the district court of Washington county, May 12, 1880, to recover damages of the railway company for injuries received while engaged in play with some other persons upon a turntable of defendants at Brenham, Texas. At the September term 1881, a demurrer to the petition was sustained and the cause dismissed, but on appeal this judgment was reversed (see 57 Tex., 127). The case was again tried at the March term, 1883, and resulted in a mistrial. At the September term, 1883, the case was tried by a jury, and judgment rendered in favor of the defendants; from this judgment plaintiff prosecuted an appeal, and in January, 1884, the supreme court reversed and remanded the case; at the March term of the district court, 1884, the case was again tried and resulted in a judgment for the plaintiff for the sum of $2,000.

The pleadings are the same as in the former appeals, reported in 57 Tex., 126, and 61 Tex., 24.

*Searcy & Bryan*, for appellants, cited: Evansich *v.* Railway Co., 57 Tex., 126; S. C., 61 Tex., 24; Railway Co. *v.* Murphy, 46 Tex., 356; Railway Co. *v.* Parker, 50 Tex., 345; Railroad Co. *v.* Stout, 17 Wall., 664; Railway Co. *v.* Davidson, 61 Tex., 204; Railway Co. *v.* Simpson, 60 Tex., 103; Railway Co. *v.* Wilson, 60 Tex., 143; Railway Co. *v.* Graves, 59 Tex., 333; Railway Co. *v.* Miller, 49 Tex., 322; Railway Co. *v.* Miller, 51 Tex., 271.

*F. D. Jodon* and *Breedlove & Ewing*, for appellee, cited: Randall *v.* Carlisle, 59 Tex., 69–71; Railway Co. *v.* Evansich, 61 Tex., 5.

STAYTON, ASSOCIATE JUSTICE.— The refusal to give the charge to which the fourth assignment relates was not error; for the third and fourth charges asked by the defendant, and given in a modified form, were applicable to the case, and presented clearly the legal proposition presented by the charge refused.

The charge complained of in the tenth assignment was correct; a similar charge was considered in G., C. & S. Fe R'y Co. *v.* Evansich, 61 Tex., 5, and it is unnecessary here to repeat the grounds on which the charge was held proper.

The second, fifth and sixth charges asked by the defendant, and

refused by the court, were in substance the same as charges asked and refused in the case last referred to, and they were considered in that case and held to have been properly refused.

A further consideration of the question does not lead us to the conclusion that our decision in that case was incorrect, and for the reasons given in the opinion in that case, without again repeating them, we hold that the ruling of the court below in this case in this respect was correct.

It does not appear that the testimony of the witness Jodon was objected to, but if it did, there would have been no error in its admission; for it tended to show that the employees of the appellant knew that the turn-table was dangerous, and that another child had been injured upon it but a short time before the appellee was injured, and that notwithstanding this no effort was made to so secure it that children could not use it.

The court below having enumerated, in the charge given, the elements of damage which the jury might take into consideration in a case in which a minor brings suit to recover for injuries to himself, instructed the jury that they might give damages for temporary bodily disability.

The father of the appellee had recovered for such temporary disability as may have resulted to the appellee to the time of his majority; and was so entitled to recover, because he was entitled to the services of his minor son until he arrived at his majority, and such temporary disability as diminished the value of services to that time gave cause of action to him and not to his son.

Temporary bodily disability, as an independent element of damage, has relation solely to inability, or diminished capacity to labor; and in so far as an injury may effect this, in case of a minor having a parent entitled to his services, the injury is in legal contemplation to the parent, who alone may recover therefor.

We regard it as elementary, that " A minor son owing services to his father cannot recover for loss of time or inability to labor or earn money during the period of his minority." 3 Sutherland on Damages, 720; Stewart v. City of Ripon, 38 Wis., 588; Traver v. Railroad Co., 3 Keyes (N. Y.), 499; Minick v. City of Troy, 19 Hun, 256; Lewis v. Farrell, 46 N. Y. Superior Court Rep., 358.

For this error in the charge of the court, the judgment of the court below is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 16, 1885.]