MACKAY TELEGRAPH & CABLE CO. v. KELLY. (No. 273.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 13, 1917. Rehearing Denied Jan. 23, 1918.)

1. MASTER AND SERVANT ☞264(4) — INJURIES TO SERVANT—EVIDENCE—ADMISSIBILITY.

In action for injuries to lineman's assistant when a motor car was derailed, evidence of prior derailments from the same cause was admissible, even in the absence of allegations thereof, to show the master's knowledge of the defects in the car.

2. APPEAL AND ERROR ☞263(1) — SCOPE — PRESERVATION OF EXCEPTIONS.

Where the master, in action for injuries to servant when motor car was derailed, failed to except to charge on account of its failure to limit testimony as to prior derailments for purpose of showing knowledge of defects, and also failed to submit a special charge on the subject, he could not complain; the testimony being admissible for some purpose.

3. MASTER AND SERVANT ☞276(3)—INJURIES TO SERVANT—EVIDENCE.

Evidence held to sustain verdict for servant, injured when motor car on which he was riding was derailed, owing to defective condition of frame.

4. MASTER AND SERVANT ☞270(10)—INJURIES TO SERVANT—SAFE APPLIANCES—EVIDENCE—ADMISSIBILITY.

Though witness had not seen motor car for two months prior to the accident when it was derailed and plaintiff was injured, assignment of error to his testimony as to condition of the car goes to the weight and not the admissibility of his testimony.

5. TRIAL ☞133(2)—ARGUMENT OF COUNSEL—CURE OF ERRORS.

While it was improper for plaintiff's counsel to state that defendant's witness came from Mississippi to testify and made merchandise of his oath, the error was cured by express instruction by the trial court to disregard the language.

6. TRIAL ☞125(5)—ARGUMENT OF COUNSEL—CURE OF ERRORS.

In servant's action for injuries, where defendant introduced record of servant's convic-

tion for theft in another state, argument of plaintiff's counsel that the conviction should not be held against a boy, who was motherless, uneducated, penniless, and wayward, and had been wrongfully convicted, was not improper.

7. DAMAGES ☞131(1)—EXCESSIVE DAMAGES.
Verdict of $3,000 in favor of servant, thrown from motor car, rendered unconscious, cut and bruised about the head and body, with his left leg broken in two places, below the knee and above the ankle, who lay on his back for 4½ months in the hospital, suffering great pain and mental anguish, and walked on crutches for 1½ months after leaving the hospital, was not excessive.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by George Kelly against the Mackay Telegraph & Cable Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, of Houston, and Oliver J. Todd· and W. G. Reeves, both of Beaumont, for appellant. C. W. Howth and F. G. Vaughn, both of Beaumont, for appellee.

KING, J. This suit was filed by and in behalf of appellee to recover damages of appellant upon the alleged ground that appellee was injured while in the employment of appellant, due to its negligence. It is alleged that appellee was employed by one of appellant's linemen to assist in some work, and was taken upon a small motorcar operated on the Kansas City Southern Railway Company's track; the injuries alleged being occasioned by the derailment of said car. The cause was tried in the Sixtieth district court of Jefferson county, and was submitted to a jury by special issues, the jury answering all questions submitted favorable to appellee, and upon their verdict, in response to the issues propounded, and on motion of appellee, the court entered a judgment for plaintiff in the sum of $3,000, the amount found by the jury. From this judgment, the appellant has perfected its appeal to this court.

The appellant complains, under appropriate assignments of error, of the action of the trial court in overruling its special exceptions to portions of paragraphs 6 and 10 of appellee's petition, wherein it is pleaded that the motor car in question had been derailed on several separate times before the day on which appellee was injured by the derailment of the motor car, insisting that the allegations complained of were irrelevant to any issue in the case, and prejudicial, because there are no averments indicating the cause of any prior derailments, or that any such cause previously operating was a proximate cause of the derailment in question, and claiming that specific incidents of prior accidents are not competent as evidence of a subsequent defective condition, in the absence of affirmative and specific al-

legations that the car remained and was in the same condition at the time of the accident in question, and had not been repaired, and also because the averments as to prior derailments are too remote to admit evidence thereunder. Appellant also complains of the action of the trial court in admitting testimony as to prior derailments of the motor car in question, in keeping with its special exceptions above mentioned.

[1] Appellant excepted specially only to paragraphs 6 and 10 of plaintiff's petition, while practically the same allegations are contained in paragraphs 7, 8, and 9 of appellee's petition. We are of opinion that, taking the entire petition as a whole, it is sufficiently specific, even if it were necessary to plead with reference to prior derailments. In our opinion, the evidence of prior derailments of the motor car from the same cause was admissible upon the trial of the case, even in the absence of any allegations as to such prior derailments, for the purpose of fastening upon appellant knowledge of the defective condition of the car.

It was alleged in appellee's petition that the motor car, upon which he was riding at the time of his injury, was defective, in that the frame of the car was sprung, that the drivewheel was cupped, that the center bolt on the left front spindle was a three-inch bolt, and should have been a five-inch bolt, and that, on account of the frame being sprung, it was impossible to set the right rear wheel true, that the car was in danger of being derailed at any speed, and that it had theretofore been derailed on several occasions, all of which facts were unknown to the appellee, but known to the appellant, or could and would have been known by appellant, had it exercised ordinary care.

Paragraph 7 alleges knowledge on the part of appellant and its authorized agents of some defective condition of the car which caused it to jump the track on prior occasions. Paragraph 8 alleges that appellant knew that it was dangerous.to operate said car, on account of the fact that it was likely to run off and become derailed on account of the defective condition of said car. Paragraph 9 alleges that said car had before, and within a few months before, on one or more occasions, derailed, and injured persons riding thereon, on account of the frame of said car being sprung, and on account of the other defects, all of which was known to the defendant, but unknown to the plaintiff.

[2] The appellant failed to except to the court's‧ charge on account of its failure to limit the purpose of the testimony with reference to prior derailments to show the knowledge of the defective condition of the car, and it failed to submit a special charge to that effect. In the absence of this, appellant cannot be heard to complain; the testimony being admissible for some purpose—

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that is, of showing knowledge of the defects on the part of appellant. On the admissibility of testimony as to the prior derailments of the car, see Shearman & Redfield on Negligence, § 60 B; Labatt on Master and Servant, vol. 4 (2d Ed.) 4824; Railway Co. v. Burnett, 42 S. W. 314; Railway Co. v. Evansich, 63 Tex. 56. Cyc. has to say upon this subject:

"In an action by a servant for personal injury, evidence is admissible to show the condition of the master's machinery, appliances, or places for work previous to the injury, where such condition is shown or may be presumed to have continued up to the time of the accident."

[3] Appellant assigns as error the refusal of the trial court to grant its request for a peremptory instruction. We think the evidence is ample to sustain the verdict. It is undisputed that appellee was riding the motor car, and that it was derailed, and that he suffered serious bodily injury. The accident is alleged to have happened about the 1st of September, 1915.

Joseph Ruple testified that he was not present at the time the motor car was wrecked, but that he knew the car, for the reason that he had worked on the car during the summer and fall of 1915; that he was employed at that time by the Mackay Telegraph & Cable Company's lineman, Mr. Plummer, to overhaul the car; that he could not state specifically the condition of the car at the time appellee was injured, as it had been a month or two since he had worked on it; that his inspection of the car revealed the fact that the frame of the car was sprung, that the front drivewheel was cupped, the center bolt on the left front spindle was a three-inch bolt, and should have been a five-inch, and that, on account of the frame being sprung, it was impossible to set the right rear wheel true, and that the car was in danger of being derailed at any speed; that when a car frame is sprung, it is impossible to set the car true until the frame is repressed; that he had worked on the car at various times during the summer, and that it had wrecked twice with him, on account of the frame being sprung, and the right front wheel being cupped; that the lineman of the Mackay Telegraph Company, Mr. Plummer, knew of the condition of the car, and that he had told the witness that the company had instructed him to employ the witness to work on the car; that this car had, to his personal knowledge, been sent to Beaumont twice for repairs previous to the time appellee was injured; that the company's lineman, Mr. Plummer, was with the witness at all times when he was at work on the car; that said lineman was with the witness both times when the car wrecked; that, the frame of the car being sprung, it was impossible for it to be made safe to run. On cross-examination, he testified that during the months of July and August, 1915, he was employed at various times by the appellant on this motor car, but that he had not seen the car during the month of September.

D. B. Plummer testified that he was an electrician, and lineman by trade, and that he worked for the appellant from about the 1st of August, 1914, until the 1st of August, 1915; that he knew the motor car on which George Kelly was injured, and that it was in very bad condition; that the main trouble with the car was that the frame was sprung, so that it could not be lined up and run on the track safely, and it had a cracked axle; that the Mackay Telegraph Company·had no shop at Beaumont at all, except the car house, in which they had a few small tools and materials for work, such as wrenches, screwdrivers, etc.; that about the 1st of February, 1915, he went from De Quincy to Eunice on the car; that the car did not run right; that when he would speed the car from five to ten miles an hour the wheels would jump off the track, and he inspected the car and found a big bend in it on the inside frame, causing the frame to bulge in; that the appellant did not have any vise or press of any kind or character, either at Beaumont or De Quincy, which would have enabled it to bring pressure enough to bear the whole length of the frame to straighten it out, and that it could not be straightened by muscular power. He further testified to a number of times that he had trouble with the car, on account of the sprung frame; that he finally declined to use the car, unless it was put in good condition, and it was not put in good condition, and he did not use it any more; and that he was relieved by appellant shortly after he declined to use the car further. He testified that he made a report to the company of the defects in the car that he testified about. It was shown by the testimony upon the part of appellee that the car had such a defect that it could not be repaired with the facilities of the appellant, either at Beaumont or De Quincy; that the car had not been sent back to the factory at any time after the defects were reported to the company by the witness Plummer.

It is true that the appellant introduced testimony of the witness Brown, and perhaps others, to the effect that, between the time Mr. Plummer was relieved and the car was turned over to Mr. Coward, the same had been repaired in the shops at Beaumont, and that it was lined up all right, and the frame on the car was not bent, and that it was in good condition for operation when it was turned over to Mr. Coward, and that there were no defects then. The jury was authorized, however, to accept appellee's version to the effect, not only that the car was defective, as testified to by Ruple, Plummer, and others, but also that on account of the lack of facilities at Beaumont, as testified to, the defects in the car, in fact, had not been removed, as testified to by appellant's witness Brown.

Appellant claimed upon the trial that the car was not in fact derailed by reason of

any defect in its frame, but on account of striking a small pig. The evidence is conflicting upon this point. The witness Mrs. Collins testified that she saw the accident; that she watched the car awhile, and she saw it begin to jump; that she was looking directly at it at the time it was wrecked; that she did 'not see any pig there, and that there was nothing to prevent her from seeing it, as it was open in front of her house; that she saw some hogs cross over the track some distance ahead of the wreck—she estimated at about 100 yards or further. This testimony, which was corroborated to some extent by the witnesses Fairchilds and Waldock, is sufficient for the jury to conclude that the car was not wrecked by striking the pig.

It was also contended by appellant that appellee was, in fact, not employed by its lineman. The evidence upon this point is conflicting, but was ample for the jury to predicate its answer in favor of appellee; that he, in fact, was employed by the authorized agent of the company on the day in question and was an employé at the time of his injury.

[4] Appellant complains of the trial court in admitting evidence of Joseph Ruple relating to the condition of the car, because the witness had answered a prior interrogatory that he had not seen the motor car for about two months prior to the accident. We think this assignment is more to the weight of the testimony than to its admissibility. The witness Ruple testified as to the defects of the car up to within about one month of the accident, and that it was impossible for the defects to have been cured, except at the factory. We think the testimony was competent.

[5] Appellant complains of the action of the trial court in not granting a new trial, on account of the improper and prejudicial argument of plaintiff's counsel, F. G. Vaughan; the language being that the witness D. F. Coward, who testified for appellant, came from Mississippi to testify in this case, and made merchandise of his oath. We think the action of counsel in using this language improper, but the record shows that the trial court instructed the jury affirmatively not to consider the remarks in considering of their verdict. We are unwilling to reverse this case upon this act. We do not believe it is such inflammatory language as would probably affect the verdict of the jury, especially in view of its withdrawal by the trial court, and the further fact that it was language concerning a witness, and not directed towards the appellant.

There are several other assignments of error complaining of the remarks of Attorney C. W. Howth, in his closing argument to the jury, which appellant claims were improper and prejudicial.

The thirteenth assignment we overrule without comment.

[6] The language complained of in the fourteenth assignment is as follows:

"Gentlemen, instead of holding that against the boy, that he was motherless and uneducated and penniless and wayward, and has been convicted, and the evidence shows wrongfully convicted. * * * *"

The language complained of in the fifteenth assignment is, "The young man said he didn't take the pin," referring to the record introduced in evidence by the defendant, showing that plaintiff had been convicted of felony theft in Louisiana. We do not think that this language was improper, in view of the fact that it was in answer to the claims of appellant that appellee had been convicted for theft, in Louisiana. The court, however, instructed the jury not to consider the language used. Furthermore, under the decision of the Supreme Court, the testimony as to his conviction for crime was inadmissible.

[7] We overrule appellant's assignment, wherein he claims that the verdict is grossly excessive, and indicates some improper motive on the jury's part, instead of a fair and impartial consideration of the evidence. The evidence showing that appellee was thrown from a motor car and rendered unconscious, cut and bruised about the head and body, with his left leg broken in two places, below the knee and above the ankle, that he lay on his back for 4½ months in a hospital, suffering great pain and mental anguish, and walked on crutches for about 1½ months after leaving the hospital, presents such a case wherein a verdict for $3,000 is not excessive.

Having concluded that there are no reversible errors in the record, the judgment is affirmed.