GILBERT STEPHENSON AND OTHERS v. WILLIAM McFADDIN.

1. PARTIES. In a suit on an executor's bond, where one of the principals and one of the sureties are dead, the principal surviving cannot object to the non-joinder of the legal representatives of the deceased executor, or of the deceased surety.
2. CONFEDERATE MONEY—CONSTRUCTION OF WILL. When, by a will made in 1862, a bequest was made of five hundred dollars, and suit was brought for the legacy against the executor, it was not error to refuse evidence offered by the executor, in defense, to show that the bequest was intended to be paid in Confederate currency, or that it was to be discharged by a Louisiana bank bill of that denomination.
3. RESPONSIBILITY OF EXECUTOR TO PAY LEGACY. Where the assets were sufficient, it is no defense to a suit for money bequeathed, against the executor, that the estate has been partitioned among the heirs, or other legatees.

4. PARTITION. A petition signed and sworn to by three commissioners, and filed in the Probate Court, there being no evidence of a petition for partition, or of action thereon by the Probate Court, cannot be relied on as an adjudication settling the estate and releasing the executor and his sureties upon the executor's bond.

5. TRUSTEE. An executor with power to administer without control of the Probate Court is a trustee for those entitled to take under the will, and before turning the estate over to the heirs, he had the right to insist upon bond and security to protect himself against liability for an unpaid legacy.

APPEAL from Jefferson. Tried below before the Hon. H. C. Pedigo.

William M. McFaddin sued Gilbert Stephenson and A. J. Lewis to recover one hundred and twenty-five dollars, being one-fourth part of a legacy of five hundred dollars left by Nancy Hutchinson to certain persons, to which one-fourth plaintiff was entitled by purchase of one of the legatees.

It appeared that Nancy Hutchinson died January 4th, 1863, and that her will was admitted to probate January 26th, 1863. The will is as follows :

" State of Texas,           }     In the name of God, Amen.   I,
" County of Jefferson. } Nancy Hutchinson, of the State of
" Texas and County of Jefferson, being of sound mind and dis-
" posing memory, at the time of making this my last will and
" testament, and at the same time mindful that it is appointed
" to all to die, and desiring, before my death, to make a dispo-
" sition of the property with which God has blessed me, *do*
" make and publish this as my last will and testament, hereby
' revoking all wills heretofore by me made.

" Item 1st. I direct that all my just debts be paid as soon
' as the same can be conveniently done after my death, by my
' executors.

" Item 2d. I give and devise to my son, Andrew J. Tevis,
' my negro man, Abe.

" Item 3d. I give and devise to my granddaughter, Eliza-

" beth Tevis, daughter of Noah Tevis, deceased, my negro
" girl, Betsy.

" Item 4th. I give and devise to my daughter, Polly Ste-
" phenson, my mare and buggy, also my feather bed, and the
" bedding belonging to the same, also my tin safe.

" Item 5th. I give and bequeath to the heirs of W. B. Tevis
" and R. J. Tevis the sum of five hundred dollars, to be divided
" equally between them, which sum is to be paid to the guard-
" ian of the heirs of R. J. Tevis and W. B. Tevis, by my execu-
" tors within six months after my death, and sooner if practi-
" cable.

" Item 6th. It is my will and wish that the remainder of my
" property, personal and real, be so divided as to give to my
" son, J. W. Tevis, and my daughter, Polly Stephenson, an
" amount equal in value to the negroes bequeathed in item 2d
" and 3d of this will, counting as a part of her portion the prop-
" erty bequeathed in item 4th of this will to Polly Stephenson,
" and property that may remain after all my said children, A.
" J. Tevis, Geo. W. Tevis, Polly Stephenson and the daugh-
" ter of Noah Tevis, deceased, have received equal shares,
" should any remain shall again be divided equally between
" A. J. Tevis, G. W. Tevis, Polly Stephenson and the daugh-
" ter of Noah Tevis, to wit, Elizabeth Tevis.

" Item 7th. It is my will, further, that the bequests in items
" 2d, 3d, and 5th of this will remain unchanged, and to be in no
" wise affected by the division and distribution of the remain-
" der of my estate, as herein provided.

" Item 8th. I hereby constitute, make, and appoint Joseph
" Hebert and Gilbert Stephenson executors of this my last will
" and testament.

" Item 9th. It is my further will that no action be had in
" law on this my last will and testament, than the probating of
" the same, and the rendering of an inventory of my estate."

By a codicil it was stated that by "Polly" was meant
" Mary" Stephenson, the wife of Gilbert Stephenson. ·

Both executors qualified and gave bond in the sum of twen-

ty thousand dollars, with G. W. Tevis, A. J. Tevis and David Browell, sureties.    They also returned an inventory of the estate, which was appraised at thirteen thousand four hundred and thirty-six dollars and four cents.

It seems that Hebert did not participate further in the administration of the trust, and that he died before suit was brought, as did also the other sureties not joined in the suit.

The petition of McFaddin alleged ownership by purchase of the right of Mrs. Amanda McCulloch, who was entitled by the will to the sum claimed in the suit ; that Stephenson had failed to pay her legacy; that the estate had been partitioned, etc.

In defense, Gilbert Hutchinson pleaded non-joinder of the legal representatives of Hebert and of the deceased sureties :

Limitation : that the estate had been fully administered; that at the date of the will Confederate bills were the currency of the country and were meant in the bequest of five hundred dollars ; that the testatrix at the time of making her will had placed in the hands of her daughter, Mary Stephenson, a Louisiana bank bill for the sum of five hundred dollars (describing the bill), which bill it was the intention of the testatrix should be given to the guardian of the minor heirs of R. J. Tevis and W. B. Tevis; that the clause in the will was intended to authorize that disposition of said bill, which was of uncertain value, and defendant averred readiness to deliver the identical bill.

On the trial, defendant, Stephenson, proposed to prove by his own testimony that at the death of the testatrix in January, 1863, Confederate bills or notes were the currency in that part of the State ; as also were bank-bills like that described in his answer ; that the testatrix, previous to and at the time of making her will, spoke of said bank-bill as " five hundred dol-"lars," and used said words in describing said bill; that before the making of the will, and about a week before her death, testatrix placed said bank-bill in the hands of her daughter, the wife of witness, in trust, that she should have the same

delivered to the heirs of W. B. and R. J. Tevis as soon as practicable thereafter; that said bill, which she called "five hundred dollars," she intended for said heirs as their portion of her estate; that said bill is the identical "five hundred dollars" named in item 5th in said will, and is the same bequeathed to said heirs and was so meant by testatrix; that it was by inadvertence of the "scribe who wrote said will" that the "five hundred dollars" named in said item 5th was not exactly and clearly described therein, so as to show with certainty the testatrix's bequest; that he (Stephenson), for his wife, to whom the bill had been delivered, had ever since and now still has it ready to be delivered to said heirs or those claiming under them, that said bill was on the trial ready to be surrendered to the owners of said bequest.

All of which testimony was excluded. He was permitted to testify that no money came to his hands as executor save in Confederate money, used in expenses of last sickness, and except the "five hundred dollars" described in his answer, which had been delivered to his wife by testatrix about a week before her death, with directions to deliver the same to the heirs of W. B. and R. J. Tevis; that said bill is the identical bill now offered in court, and that witness had always been ready &c.

The other facts, so far as material, appear in the opinion.

The court charged the jury as follows:

"This is a suit brought for the recovery of one hundred and "twenty-five dollars, alleged to be due to plaintiff as assignee "and owner of the one-fourth interest in a bequest of five "hundred dollars made by Nancy Hutchinson to the heirs of "W. B. and R. J. Tevis, to be divided equally among said "heirs. In order to entitle plaintiff to recover it must appear "that there were in existence at or before the institution of "this suit, heirs not exceeding four in number of said W. B. "and R. J. Tevis, and that plaintiff is the assignee of the "interest of at least one of such heirs in the bequest of five "hundred dollars, claimed to have been made to them by "Nancy Hutchinson.

" If the jury believe from the evidence that the facts stated
" above are true, and further believe that Gilbert Stephenson
" was one of the executors of the said will, and that he and the
" said A. J. Tevis as his surety made the bond described in the
" petition, and other property, either personal or real, exclusive
" of that specifically bequeathed in items 2d, 3d, and 4th in
" said will, *came* to the possession of defendant Stephenson
" as executor, sufficient, after paying the debts of the estate,
" to have paid off and satisfied said bequest of five hundred
" dollars, had the same been sold and the proceeds applied to
" that purpose; and if they further believe that Stephenson
" failed to appropriate said property or its proceeds to the pay
" ment of said bequest, and that the same still remains un
" paid, they will in that case find for the plaintiff. If the jury
" are not satisfied from the evidence that the facts above stated
" are true, they will find for the defendants.

" The inventories and appraisement filed are evidence touch-
" ing the question of the nature, extent, and value of the
" estate.

" The oral declarations made by the testatrix changing or
" modifying the provisions of said will, or the import and
" meaning of the words said, cannot be considered."

*Armstrong & Jackson* and *Burroughs & Allen*, for appel-
lants.

Devine, J. The appellee, McFaddin, brought suit in the
District Court of Jefferson county, on the 3d of July, 1873,
on the bond of appellant, as surviving executor of Nancy
Hutchinson's estate, and joined the surviving security on the
bond, A. J. Tevis, as a defendant. The suit being brought
to recover one-fourth of the amount of a legacy of five hun-
dred dollars, bequeathed by Nancy Hutchinson in her last will,
to her four grandchildren; plaintiff claiming to be the owner,
by a purchase, of the amount sued for. Numerous defenses
were set up by defendant Stephenson, and after various amend-

ments, the cause being tried, the jury rendered a verdict for the amount claimed, with eight per cent. interest on the same, from the time of bringing the suit.

The eighteen assignments of error, and the questions presented in appellant's bill of exceptions, are embraced in three general causes of complaint:

*First.* The overruling defendant's exceptions to plaintiff's petition. The exception taken, that the representatives of the deceased executor Hebert, and the representatives of the two securities deceased, were not made defendants, and that the court erred in overruling this exception, does not appear from the record to be sustained, the only action shown to have been taken by Hebert was in returning, in connection with his co-executor Stephenson, an inventory and appraisement of the estate as directed in the will. The defendant Tevis makes no complaint that the representatives of the deceased securities were not made defendants, and the principal cannot complain that the representatives of the securities on his bond are not made defendants to answer for his liability. Whatever defects may have existed in plaintiff's pleadings were caused by his amendments made after defendants had filed their exceptions, and the court did not err in overruling exceptions which, when acted on, had no vitality by reason of the plaintiff's amendments.

*Second.* The refusal of the court to permit defendant Stephenson to show that Confederate money and bank bills were the currency of the country at the date of the execution of the will, and that the Confederate currency was valueless, was not error. The testatrix left a large estate, more than ten thousand dollars' worth, nearly all in town lots or other lands, remaining, after satisfying the bequests mentioned in her will. She evidently intended to leave her grandchildren something that had a value, and she left ample property under the absolute control of her executors to carry out her intention. The evidence sought to be introduced was, under all the circumstances, wholly irrelevant, and was properly excluded. Neither was

there error in the refusal of the court to permit the defendant Stephenson to testify, that by the words, "Five hundred dol- "lars" to be paid by her executors to the guardians of the minors, "within six months after my death, and sooner if prac- "ticable," was meant a Louisiana bank bill, deposited with de- fendant's wife by the testatrix, and to be paid by her; and that the person or "scribe" who drew the will, did not cor- rectly understand, or state the wishes or intentions of the tes- tatrix. It is neither necessary to refer to authorities, or present reasons, in support of the rule that parol evidence will not be admissible to contradict, add to, or explain the contents of a written will, if the words of the instument are clear and have a definite meaning. Apart, however, from this, the will itself shows that the evidence sought to be introduced could not have been in the mind of the testatrix. If the five hundred dollars were already in the hands of defendant's wife, in a bank bill, ready to be paid over to the legatees, why direct in the will that her executors should pay it in six months, and sooner if practicable? This shows, what the inventory proves, that there was no such amount in ready money, or its equivalent, in any way belonging to her estate; it consisting chiefly of land, and that she looked to her executors to realize it out of her estate, by sale or otherwise. Again, in "item 6" of her will, after providing for an equal distribution of the property to her other children, as well as to those children who were to receive it under items 2, 3, and 4, she provides that the provision of five hundred dollars, mentioned in item 5 of her will, to be paid to the guardians of the grandchildren, shall "remain unchanged "and be in no wise affected by the division and distribution "of the remainder of my estate as herein provided," showing that she looked to her general estate for the payment of this legacy.

In the charge of the court we see no error sufficient to authorize a reversal, the charge on the material question was substantially correct. The descendants in their amended an- swer asserted that partition of all the estate had been made,

and that the estate was closed before the bringing of this suit; the plaintiff amended his pleadings, withdrew any statement to the contrary, or asserted that the statements in the amended answer were true, and prayed, as formerly, for a judgment on the alleged breach of the bond; a paper sworn to by three commissioners and filed in the Probate Court, shows a partition of the estate which the commissioners in their report state was made by order of the Probate Court, but there is no proof in the record of a petition to the court for an order of partition; neither is there an order of partition, or approval of the partition made. The clerk of the court testifies that he made diligent search and could not find any citation or proof of notice to the heirs of the contemplated partition. The court therefore did not disregard the judgment or orders of the Probate Court, as there is no evidence before us showing any such order or judgment. The defendant was a trustee under the will for the minors; it provided that the court should not take any action relative to her estate, save the probate of the will and the filing of a bond by her executors, and the inventory and appraisement of her estate; it was in the power of defendant to have saved himself harmless by requiring bond and security from those who received the estate, to indemnify him against the claimants of the legacy; if he has failed to do so, he alone is to blame. The facts sustain the verdict, and the judgment is affirmed.

Affirmed.