## No. 5796.

## JOHN C. ROBERTS v. C. U. CONNELLEE ET AL.

PAROL EVIDENCE—EXECUTORS.—Under a statute requiring that official oaths of executors and administrators and all inventors of estates should be copied at length in the records of the court, and which gave the same effect to certified copies of such record entries as original copies would have, the loss of the original inventory will not authorize parol evidence of its former existence and return, nor will such evidence be admitted to show that an executor qualified as such.

2. PAROL EVIDENCE—SAME.—Neither will the custodian of the records be permitted to testify that a will has been duly recorded, and that the executor returned an inventory of all property belonging to the estate.

3. EXECUTORS AND ADMINISTRATORS.—The qualification, and return of inventory by one of the executors named in a will which provides for independent action under it, after return of inventory, has the effect of withdrawing the administration of the estate and the execution of the will from the control of the probate court.

4. CASES REVIEWED.—Blanton v. Mayes, 58 Texas, 426; Johnson v. Bonden, 43 Texas, 670, and Anderson v. Stockdale, 62 Texas, 54, reviewed, and the doctrine adhered to that if only one of two independent executors named in a will qualifies, and debts against the estate exist, he may make a valid sale of the assets of the estate to pay them; if no debts exist the executor would have no authority to sell under a will which only authorizes a sale to pay debts.

5. JUDGMENT OF A JUSTICE OF THE PEACE.—Under the statutes in force in 1875 it was not necessary that a justice of the peace should award execution as a part of the judgment for debt, in order to authorize the issuance of execution. The writ issued on the judgment without reference being made thereto, and when the judgment was against an independent executor, the fact that by its terms it required the amount recovered to be paid in due course of administration, was immaterial. Its payment could be enforced by execution issuing after the adoption of the Revised Statutes if the judgment was rendered prior to that time.

APPEAL from Eastland. Tried below before the Hon. T. B. Wheeler.

This suit was brougnt July 24, 1882, to quiet title and to recover a section of land (No. 497) patented to the Southern Pacific Railroad Company, claiming the same by regular conveyances down to M. J. Hall, Sr., deceased, and by deeds from his heirs to plaintiff John C. Roberts, the appellant, of date March 30, 1882, October 12, 1881, and October 14, 1881.

Defendants pleaded not guilty, and claimed title by the same conveyances down to Hall, deceased, and by sheriff's deed through Hall, dated July 6, 1880, under execution against the executor of said Hall, issued by Robert Hanson, justice of the peace of Harrison county, November 14, 1879, on a judgment rendered July 12, 1875, by J. K. Williams, a justice of the peace of Harrison county. Defendants offered in evidence a certified copy of the original will of M. J. Hall, Sr., deceased, from the probate record of the same. Defendants established the loss of the original will and inventory and certificates of proof. They offered certified copies of petition of M. J. Hall, Jr., for probate of the will and for letters and order of the court on the same.

The will of M. J. Hall, Sr., deceased, was an independent will, requiring no action by the court in reference to the estate, except the probate and registration of the will and the return of an inventory, and directed that the executors should act without bond upon the executor's full powers to sell the estate to pay debts, and for any other legitimate purpose. It appointed M. J. Hall, Jr., son of the testator, and Samuel F. Mosely sole executors, and relieved them of giving bond. The testator died in May, 1871. M. J. Hall alone applied for letters and probate of the will. It was duly probated in Harrison county, June 7, 1871, and letters testamentary were granted to both the executors named in the will.

M. J. Hall, witness for defendants, by deposition swore that S. F. Mosely refused to qualify; that he filed an inventory; he attached a copy of so much of said inventory as related to the land in controversy to his answer.

Other facts are manifest from the opinion.

*J. M. Moore* and *James C. Walker,* for appellant: The probate of the independent will of M. J. Hall, deceased, as stated

in the decree on "the petition of M. J. Hall, Jr., and Samuel F. Mosely, and for the issuance of letters of executorship to the said M. J. Hall, Jr., and the said Samuel F. Mosely, and order that letters testamentary issue to the said M. J. Hall, Jr., and Samuel F. Mosely," without further showing that both qualified as executors and filed an inventory of the estate, did not vest in M. J. Hall, Jr., alone any legal power over the estate. (Pas. Dig., arts. 5628, 5772; Blanton v. Mayes, 58 Texas, 426; in this case the exception in art. 5628 was evidently overlooked; Willis v. Ferguson, 46 Texas, 496; Hart v. Rust, 46 Texas, 556; Langley v. Harris, 23 Texas, 564.)

The court erred in admitting in evidence the judgment of Joseph Mason v. M. J. Hall, executor of M. J. Hall, Sr., because the judgment on its face appears to be but an ordinary judgment as prescribed by the law for the establishment of the claim against the estate of M. J. Hall, deceased, and as such can not serve as a muniment of title. The judgment on its face shows that the court rendering it only ordered its payment in due course of administration, and did not authorize an execution to be issued on it. That said judgment shows that Hall alone was sued, and does not show any reasons or grounds why Mosely was not also sued, and does not show an independent will. That at the time of said judgment, no suit against an estate could have been maintained unless the claim on which it was predicated came within some of the exceptions to the general law, and the facts constituting it an exception should appear in the proceedings, in order to sustain the jurisdiction of the court. No such facts appearing, the judgment is void. That as the decree of the probate court ordered letters testamentary to issue jointly to Hall and Mosely, neither alone could execute said will so long as said decree remained unrevoked or otherwise modified in favor of one alone.

The facts being as stated in said objections, said judgment was void, or if not void it can not serve as a muniment of title, but only as an establishment of the claim, and can not serve as the basis of an execution. (Pas. Dig., art. 1497; Carrol v. Carrol, 20 Texas, 746; Free on Judgments, secs. 21, 22, 23; Wood v. McMeans, 23 Texas, 485, Shaw v. Ellison, 24 Texas, 198; Hogue v. Sims, 9 Texas, 546; Haugh v. Hauser, 33 Texas, 430, 431; Lewis v. Nichols, 38 Texas, 60; Rogers v. Harrison, 44 Texas, 169; Michel v. Runkle, 25 Texas Supp., 136; Walker v.

Myers, 36 Texas, 251, 252; Withers v. Paterson, 27 Texas, 491; Thachter v. Powell, 6 Wheat., 119.)

The court erred in admitting in evidence the judgment of Joseph Mason v. M. J. Hall, executor of M. J. Hall, deceased, because it appears that said deceased died in May, 1871, and his will was probated June, 1871. At both dates there was no law authorizing one of two or more joint excutors in an independent will to discharge the duties and trusts therein contained. It appearing in the will that M. J. Hall and Samuel F. Mosely were named as joint executors, then there was no law in force authorizing Hall alone to execute said will. (McLean v. Blevin, 47 Texas, 501; Longly v. Harris, 23 Texas, 564; Act of 1870, arts. 5628, 5626, Pas. Dig.)

An execution must be authorized, conform to and supported by the judgment, otherwise it is void. (Criswell v. Ragsdale, 18 Texas, 445; Rason v. Hugart, 2 Texas, 476; Heath v. Garrett, 46 Texas, 24; Wilcox v. The State, 24 Texas, 546; 20 Texas, 129; Freeman on Ex. S., 16, 20, 42.)

No briefs for appellee with the record.

COLLARD, JUDGE COMMISSION OF APPEALS. On the trial of this case the court allowed M. J. Hall, the acting executor to testify: "I, alone, qualified, I duly returned an inventory of the estate," etc. The witness attached a part of the inventory to his depositions. Plaintiff objected to the testimony because not the best evidence. The objection should have been sustained. There was no other evidence adduced showing that Hall qualified as executor, or that any inventory was filed as required by law. The statute in force at the time the will of M. J. Hall, Sr., was probated and the inventory was filed, required that all official oaths of executors and administrators, and all inventories should be copied at length in the records of the courts, and that certified copies taken from the record of all papers required to be recorded should have the same effect as copies taken directly from the originals. (Act of August, 1870; 2 Pas. Dig., arts. 5772, 5773, 5774, 5573.) The original will and inventory, it seems, had been lost. It does not appear, however, that the records were lost or destroyed. Certified copies from the records were evidently the best evidence and parol evidence of what they contained was not admissible.

The plaintiff also urged the same objection to the statements of the witness, J. P. Alford, clerk of the county court of Harrison county, as to what the records of his office contained. He testified by depositions that "the records of his office show the will has been duly recorded, and also that the executor returned an inventory of all property belonging to the estate." A certified copy of the record of the will, with evidence upon which it was probated, was produced, and the statement of the witness that the will was duly recorded though not admissible, would have been harmless error, but the fact that a full inventory had been returned by the executor was a material fact and could not be shown by parol while the record existed. For these errors the cause in our opinion should be reversed.

Other questions raised by the assignments of error depend upon the main question in the case, that is whether the qualification and return of inventory by only one of the executors under the will would have the effect to withdraw the administration of the estate and the execution of the will from the control of the probate court. If the facts stated would have such effect the executor could be directly sued and judgment rendered against him and the property in his hands as executor would be subject to levy and sale under execution. (Pas. Dig., 5628; Gen. Laws 1876, p. 124, sec. 117; Rev. Stats., art. 1943.)

In Jackson v. Bouden, 43 Texas, 670, the Supreme Court decided that a renunciation of the trust by one of two executors under an independent will, similar to the one now under consideration, would not deprive the other executor, who qualified, from executing the trust as independently of the orders of the court, and with the same discretion, as both could have done had they both qualified.

The question was afterwards before the court in the case of Blanton v. Mayes, 58 Texas, 424. The opinion was delivered by Judge Watts, of the Commission of Appeals. Independent powers were given by the will to certain named executors, or the survivor of them. It was argued in the opinion that a less number of executors than the will provided for could not execute the trust without an order of the probate court to that effect. It was admitted in the opinion that the act of 1870 engrafted upon our probate system the statute of 21 Henry 8, C., 4, to the fullest extent, which provided that where there are several executors, and one of them only qualifies, he may execute the will. In the case of Johnson v. Boudon, before cited, the

court held that article 1335, Paschal's Digest, in effect adopted the statute of 21 Henry 8, and declared that the provisions of that statute applied, so as to allow one of several executors alone to carry out the directions of a will, independently of the court.

The case of Blanton v. Mayes was before the Supreme Court a second time (67 Texas, 247), and the court, on the last appeal, in commenting upon the doctrine laid down by Judge Watts, uses the following language: "On a former appeal it was decided that one of the trustees had no power under the will, the others living, to sell the property conveyed in trust, and the opinion questions the power of all the trustees and the provisions of the will to sell.   While the opinion there given recognizes the correctness of the ruling in Johnson v. Boudon, 43 Texas, 674, reasserted in Anderson v. Stockdale, 62 Texas, 54, there is much in the argumentative part of the opinion to deny the rule laid down in the cases above mentioned; but it will be seen that there was no evidence in the case as there presented, which tended to show that the estate owed debts, which alone, *under the terms of the will,* would have empowered the qualified executor, or all of them, had they qualified, to sell property as executors.   We do not understand that it was decided on the former appeal that the executor who qualified was not empowered to sell property of the estate to pay debts, unless he did so under an order of the probate court in course of a regular administration."

The opinion of the court on the last appeal clearly estimates that if debts were shown to exist, all the executors, had they qualified, could have executed the provisions of the will without any orders from the court, and if all were so empowered, the qualifying executor could so act alone.  The right of one of the executors to sell property was made to depend upon the conditions and directions in the will, and not upon the doctrine that one executor had no power to act.  So the court held, by plain inference, that if debts were shown to exist and the sale was made to pay the same, it would be valid; if no debts could be shown, then by the terms of the will the sale was not authorized, in which case the plaintiff would recover the land back, and the purchaser the price he had paid for it.  The court left the doctrine as laid down in Johnson v. Bouden. We think it is the correct rule.  We, therefore, conclude that the qualification of M. J. Hall, Jr., and return of inventory

by him as required by the will, if the facts can be established by legal evidence, had the effect to withdraw the estate from administration by the courts, and that the property in his hands as such executor was subject to execution and forced sale.

Plaintiff insists that no execution could issue upon the judgment rendered by the justice of the peace, because it does not direct execution to issue, but, on the contrary, directs that the claim be paid in due course of administration. The judgment was rendered July 12, 1875; the alias execution was issued November 14, 1879. We do not understand that a justice of the peace must award execution as a part of the judgment in order to authorize its issuance under the laws in force at the time the judgment was rendered. The execution was issued as a consequence of the judgment, as a ministerial act, to enforce the judgment. There was no provision of the law of 1870, in force at the time the judgment was rendered, requiring the award of execution to be made in the judgment. The act of 1870, upon the subject of final process upon judgments in general, is: "And every justice shall, from time to time, when required by a party having a judgment in his court, issue such executions or other writs as may be necessary to enforce such judgments until the same shall have been satisfied." (Pas. Dig., sec. 6340.) This plainly indicates that the writ follows the judgment already rendered, as a matter of course. Even in a suit for specific articles, if the plaintiff recover, the statute directs that "judgment shall be rendered for the specific articles if to be had, but if not, then for their value;" here the judgment ends, and to enforce it the statute proceeds: "and the justice shall issue thereon his writ, directed to some lawful officer, commanding him to put the plaintiff in possession of the article or articles so recovered, if to be found, but if not, then to proceed to make the value of such article or articles, with legal interest from the date of the judgment and costs, as under execution." (Pas. Dig., sec. 6340.)

It is certainly the rule that an execution must be authorized by and must conform to the judgment; that there must be a judgment for costs, for instance, to authorize the clerk to issue execution for them. (Priswell v. Ragsdale, 18 Texas, 445.) But there was no law in this State at the date of this judgment requiring the court to award execution as a judicial act in a sim-

2

ple judgment for debt. Our statutes simply directed that the clerks and justices of the peace shall, after judgment, after a time stipulated, or upon the rising of the court issue execution. If the contrary were true, no judgment would be final without an order that execution issue. It has been held in this State that an entry by the justice of the peace on his docket of the amount sued for, and that "the defendant came forward and acknowledged judgment;" giving the date, was as a final judgment. (Wahrenberger v. Horan, 18 Texas, 59.) The docket entries of a justice of the peace, styling the suit, amount of debt, and the following:

"April 28. Offset, proved and allowed for $20.50. Decree for balance, $70.50."

were held sufficient as a judgment. (Howerton v. Luckie, 18 Id., 236.) An entry of a verdict on a docket of a justice of the peace was treated as sufficient entry of judgment. (Davis and Wife v. Pinckney, 20 Texas, 341.)

In the case of Clay v. Clay, 7 Texas, 251, the justice entered upon his docket opposite the verdict:

"Judgment rendered 17 April, 1849."

This was held sufficient as a judgment in a justice court. The Supreme Court, in commenting upon it, say "The entry of judgment is informal and defective, and does not pursue the directions of the statute; but great liberality and indulgence are extended to the proceedings of justices of the peace who are not supposed to be skilled in the forms of judicial proceedings observed in courts of record. If their proceedings are intelligible and attain the ends of substantial justice they are generally sustained. (See Freeman on Judgments, sec. 55 and note.) We conclude that the judgment of the justice of the peace in the case before us was a final judgment, notwithstanding it failed to award execution, that an execution would follow as a consequence of the judgment and would run against the property of the estate in the hands of the executor Hall. The fact that the judgment required the claim should be paid in due course of administration is immaterial. There was no administration in the probate court, and the judgment could not be so collected. Such being the case, it was collectible

by execution as allowed by law in case where the executor controls the estate and executes the will independently of the court. The Revised Statutes of this State, which took effect September 1, 1879, require that a judgment of justice of the peace shall direct the issuance of such process as may be necessary to carry the judgment into execution." (Rev. Stats., 1613.) The judgment in the case before us is not affected by the recent statute, notwithstanding it was enacted before the execution was issued. The statute quoted is directory only of judgments to be thereafter rendered.

Other errors assigned need not be noticed further, as they are incidentally disposed of in our conclusions above stated. On account of errors of the court in admitting illegal evidence we conclude the cause should be reversed and remanded for a new trial.

*Reversed and remanded.*

Opinion adopted May 29, 1888.