## HIGGINBOTHAM et al. v. ALEXANDER TRUST ESTATE.

### No. 1905.

Court of Civil Appeals of Texas. Eastland.

May 19, 1939.

Rehearing Denied June 16, 1939.

Cox & Hayden, Wiley L. Caffey, Wagstaff, Harwell, Wagstaff & Douthit, T. J. McMahon, and E. S. Cummings, all of Abilene, for appellants.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

GRISSOM, Justice.

Alexander Trust Estate filed this suit in a District Court of Taylor County against Mrs. Lillie Higginbotham, individually, and as independent executrix of the estate of her deceased husband, E. H. Higginbotham. Alexander Trust Estate had a debt, secured by a landlord's lien for rent, against E. H. Higginbotham, deceased, amounting to approximately $5,000. The suit was instituted for the purpose of establishing and foreclosing plaintiff's landlord's lien against the merchandise in the rented building. Plaintiff attempted under Art. 3515a (Acts 1931, Vernon's Tex.Civ.St. 1936) to establish the priority of its claim and lien over those arising from the last sickness and funeral of E. H. Higginbotham. It alleged that Mrs. Higginbotham was the independent executrix of said estate; it alleged, in substance, in its amended petition, in accordance with Art. 3515a, that it desired to have its debt and lien established and foreclosed as a preferred debt

and lien against the specific property securing the indebtedness and that it waived any claim against other assets of the estate.

Mrs. Higginbotham contended, in substance, that she was not independent executrix of the estate, but administratrix with the will annexed; that the Alexander Trust Estate had not complied with the provisions of Art. 3515a, by presenting its claim to her as such administratrix and having it allowed by her and approved by the county judge, as provided in said statute; and further, that there were unpaid debts of the estate arising out of the last sickness and funeral of E. H. Higginbotham, deceased, the claims for which were, under Art. 3531, if applicable, entitled to priority over the claims of Alexander Trust Estate. Dr. T. Wade Hedrick, Dr. Erle D. Sellers, Hendrick Memorial Hospital, and Elliott Funeral Home intervened in said cause, alleging that Mrs. Higginbotham was the administratrix of the estate; that they had presented their claims arising from the last sickness and burial of E. H. Higginbotham, deceased, to the administratrix; that their claims had been allowed by her and approved by the county judge as claims of the first class, and that they were entitled to payment out of the proceeds of the property secured by the landlord's lien prior to any payment therefrom to the landlord. The City of Abilene intervened, setting up its claim for taxes against the property securing the landlord's lien.

Prior to the trial of the case, by agreement, a receiver for the merchandise situated in the rented building and secured by Alexander Trust Estate's landlord's lien was appointed, the property sold by the receiver and the proceeds paid into the registry of the court for the purpose of abiding the decision as to the priorities of the claims of the parties to the suit. The property was sold by the receiver for $600 and said sum, less the receiver's commission of $30, was paid into the registry of the court.

The court entered its judgment finding that Mrs. Higginbotham was the independent executrix of the estate; that the landlord's lien of the Alexander Trust Estate was entitled to priority in payment to that of the interveners; and awarded the net proceeds of the sale of the merchandise in the rented building paid to Alexander Trust Estate. From such judgment Mrs. Higginbotham and the interveners, other than the city of Abilene, have appealed to this court.

For convenience, the Alexander Trust Estate will be referred to as plaintiff, Mrs. Higginbotham as defendant, and all other parties as interveners.

The controlling questions are: (1) Is Mrs. Higginbotham an independent executrix of the estate, and (2) has plaintiff's landlord's lien been so established as to entitle it to payment from the proceeds of the merchandise in the rented building, prior to payments therefrom to the interveners, whose claims constitute expenses of the last sickness and funeral of E. H. Higginbotham, deceased?

The will of E. H. Higginbotham contained the following provisions:

"Fifth. I hereby constitute and appoint my beloved wife, Lillie Higginbotham, sole executrix of this my last will and I direct that no bond or security be required of her as executrix.

"Sixth. It is my will that no action shall be had in the County Court in the administration of my estate, other than to probate and record this will and return an inventory and appraisement of my estate and list of claims."

The defendant's application for probate of said will, omitting the formal parts, was as follows:

"Your petitioner, Mrs. Lillie Higginbotham, shows to the Court:

"That she resides in Taylor County, State of Texas. That E. H. Higginbotham is dead. That he died on the 16th day of February, A. D. 1936, at Abilene, in Taylor County, Texas. That at and before his death the said E. H. Higginbotham resided and had his domicile in the County of Taylor and State of Texas.

"That at the time of his death the said E. H. Higginbotham was seized and possessed of real and personal property of the probable value of $5,000.00, and left a written will, duly executed, and herewith filed, in which your petitioner was appointed executrix.

"That at the time of making said will the said E. H. Higginbotham was of sound mind and of sufficient age to execute it.

"That there is a necessity for an administration on the estate of the said E. H. Higginbotham who, at the time of his death, was indebted to the Alexander Trust Estate and others in large sums of

money, the exact amount of which is unknown to this petitioner.

"That your petitioner is not disqualified by law from accepting letters testamentary.

"Wherefore, on this 25th day of March, A. D. 1936, your petitioner prays that citation issue to all parties interested in said estate, as required by law, and that said will be admitted to probate and that letters testamentary be issued to your petitioner, and for such other and further orders may be made as to the court may seem proper."

The order of the court, designated as "Order Probating Will and Appointing Executrix", omitting the formal parts, is as follows:

"On this, the 22nd day of April, A. D. 1936, came on to be heard the written application of Mrs. Lillie Higginbotham, a resident of Taylor County, Texas, for the probate of a written will, dated the 9th day of June, 1934, now produced in court, being filed herein with said application on the 26th day of March, 1936, purporting and alleged to be the last will of E. H. Higginbotham, deceased; and due proof being taken in the manner required by law, and it being proved to the satisfaction of the court that this court has jurisdiction of this estate; that citation has been duly issued served and returned in the manner and for the length of time required by law; that the testator, E. H. Higginbotham, at the time of executing said will was at least 21 years of age, was of sound mind, and died on the 16th day of February, 1936, at Abilene, in Taylor County, Texas; that such testator executed said will with the formalities and solemnities and under the circumstances required by law to make it a valid will; that same has not been revoked by such testator, and that it is entitled to probate. It further appearing that the applicant, Mrs. Lillie Higginbotham, was named in said will as executrix; that she is entitled by law to letters, and is not disqualified by law from accepting letters; that there is a necessity for an administration on said estate;

"It is, therefore, ordered, adjudged and decreed that said will on file herein, be, and the same is hereby admitted to probate and record as the last will of the said E. H. Higginbotham, deceased; and the testimony given in this proceeding shall be recorded in the Minutes of this court; it is further ordered, adjudged and decreed that administration be granted upon the estate of the said E. H. Higginbotham, deceased; that the said Mrs. Lillie Higginbotham, applicant herein, receive letters testamentary upon her taking oath required by law and giving bond in the sum of $4,000.00; and that when the said Mrs. Lillie Higginbotham shall have qualified according to law, the Clerk of this Court will issue letters in accordance with this judgment."

In the oath, bond and inventory, taken, made and returned by the defendant, she is designated "administratrix with the will annexed."

■ If defendant is an administratrix of the estate, subject to the orders and control of the probate court, then it is evident plaintiff's claim is not entitled to priority in payment over the claims of interveners, for the reason that plaintiff has not presented its claim to defendant as administratrix, and had its claim allowed by the administratrix and approved by the county judge, and in connection with its claim, among other things, made affidavit in compliance with Art. 3515a, to the effect that plaintiff looked only to the property upon which it held a landlord's lien and waived its claim against other assets of the estate. However, if defendant is the independent executrix of the estate plaintiff was not required to conform to the procedure outlined in Art. 3515a and to present its claim to the defendant for allowance and to the county judge for approval. Such procedural provisions have no application to an estate under the control of an independent executrix. Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305, 307, affirming, Tex.Civ.App., 61 S. W.2d 191; Mazzola v. Lucia, Tex.Civ. App., 109 S.W.2d 273, 276, writ refused; Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980, 986; Dallas Joint Stock Land Bank v. Maxey, Tex.Civ.App., 112 S.W. 2d 305; Wyatt v. Morse, 129 Tex. 199, 102 S.W.2d 396; Alexander v. Berkman, Tex.Civ.App., 3 S.W.2d 864, 865, writ refused.

■ Under the authorities cited, we conclude, if defendant is an independent executrix (instead of an administratrix with the will annexed, administering the estate under the direction and control of the probate court), plaintiff, by bringing suit in the district court against such independent executrix, obtaining foreclosure of its landlord's lien, looking only to the

specific property upon which it had a lien, and waiving any claim against other assets of the estate, brought itself within the purpose and intention, and thereby became entitled to the benefits, of Art. 3515a, and was, therefore, entitled to the judgment rendered establishing plaintiff's debt and lien as a preferred debt and lien to that of the interveners.

In support of the conclusion stated, we call attention to the language of Chief Justice Cureton of our Supreme Court in Griggs v. Brewster, 122 Tex. 588, 62 S.W. 2d 980, 985, as follows: "It must be borne in mind that Davis Potts was an independent executor, and, as such, could himself do whatever a probate court in an ordinary case could do if the estate was being administered through the probate court. Roy v. Whitaker, 92 Tex. 346, 355, 48 S. W. 892, 49 S.W. 367; McLane v. Belvin, 47 Tex. 493; McDonald v. Hamblen, 78 Tex. [628], 633, 14 S.W. 1042; Howard v. Johnson, 69 Tex. 655, 7 S.W. 522; Lumpkin v. Smith, 62 Tex. 249; Callaghan v. Grenet's Estate, 66 Tex. 236, 18 S.W. 507; Stevenson v. Roberts, 25 Tex. Civ.App. 577, 64 S.W. 230, 235; Altgelt v. Alamo Nat. Bank (Tex.Civ.App.) 79 S. W. 582; Altgelt v. Oliver Bros. (Tex.Civ. App.) 86 S.W. 28, 29; Parks v. Knox, 61 Tex.Civ.App. 493, 130 S.W. 203; Beckham v. Beckham (Tex.Civ.App.) 202 S. W. 517; Schramm v. Hoch (Tex.Civ.App.) 241 S.W. 1087; Holmes v. Johns, 56 Tex. 41; Roberts v. Connellce, 71 Tex. 11, 8 S.W. 626. It may also be said that in a case of this character the probate court had no jurisdiction to pass on the claims of creditors against the estate. That power was confided to the independent executor."

It cannot be questioned that by the terms of the will Mrs. Higginbotham was appointed independent executrix. John Hancock Mut. Life Ins. Co. v. Duval, Tex.Civ.App., 96 S.W.2d 740, writ refused. Of course, Mrs. Higginbotham had the right to refuse to accept and execute the trust. Having accepted, she could thereafter resign, or, for sufficient reason, she could be removed. The evidence is certainly not conclusive that any of the things mentioned occurred. Art. 3433, Vernon's Tex.Civ.St.1936, provides: "When a will has been probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate.

Such proceeding shall be by application in writing, filed with the clerk of the court, setting forth the objectionable provisions and directions in the will, and the grounds of objections."

Defendant made application for probate of the will; she recited in her application that she was named in the will as executrix, and asked that she be appointed executrix. The order of the court admitted the will to probate and ordered letters testamentary to be issued to her. The fact that the court, without authority, directed that she execute a bond is not conclusive that her appointment was not as independent executrix. A provision in the will requiring a bond of her would not have prevented her from administering the estate independently of the probate court. John Hancock Mut. Life Ins. Co. v. Duval, supra.

Under the following authorities, we conclude that it is not shown that the trial court erred in holding defendant was an independent executrix: Pepper v. Walling, Tex.Civ.App., 195 S.W. 892, writ refused; Ottenhouse v. Abernathy, Tex.Civ.App., 110 S.W.2d 968, 970; Journeay v. Shook, 105 Tex. 551, 555, 152 S.W. 809; Willis v. Ferguson, 46 Tex. 496, 501; Johnson v. Coit, Tex.Civ.App., 48 S.W.2d 397, 401. The fact that Mrs. Higginbotham was erroneously designated (if such designation was erroneous) in the oath, bond and inventory as "administratrix with the will annexed" does not, as a matter of law, preclude the conclusion announced.

It has been held that an independent executrix named in a will is qualified to act independently of the probate court from the time the will appointing him is admitted to probate; that it is not necessary for him to formally accept his duties as independent executor; that taking oath as an independent executor is not a necessary prerequisite to the possession and exercise of the duties and responsibilities of an independent executor; that failure to file an inventory, appraisement and list of claims does not disqualify him to so act, although he may be required to perform that statutory duty; that the execution of a bond is not a prerequisite to the possession and exercise of the powers and responsibilities of the position of an independent executor; that an independent executor who gives a bond, when not required by the will or in a statutory proceeding by a creditor of the estate, does not add

anything to the obligation, which rests upon him without a bond, to faithfully administer his trust. Roberts v. Connellee, 71 Tex. 11, 8 S.W. 626; Stevenson v. Roberts, 25 Tex.Civ.App. 577, 64 S.W. 230; Journeay v. Shook, 105 Tex. 551, 152 S. W. 809; Coleman v. Texas Produce Co., Tex.Civ.App., 204 S.W. 382; Willis v. Harvey, Tex.Civ.App., 26 S.W.2d 288; Pepper v. Walling, Tex.Civ.App., 195 S.W. 892; Caddell v. Lufkin Land & Lumber Co., Tex.Civ.App., 234 S.W. 138, affirmed Tex.Com.App., 255 S.W. 397; Burks v. Neutzler, Tex.Civ.App., 289 S.W. 436; Patten v. Cox, 9 Tex.Civ.App. 299, 29 S. W. 182; Cooper v. Horner, 62 Tex. 356; Perkins v. Wood, 63 Tex. 396; Dwyer v. Kaltayer, 68 Tex. 554, 5 S.W. 75. See also Art. 3354, and Arts. 3438–3440.

We think the language of Judge Martin in Ware v. Barfield, Tex.Civ.App., 54 S.W. 2d 1105, 1106, may properly be applied to the facts of this case. He said: "Appellants were independent executors, creatures of the will, and not of the probate court. They were, by the terms of the will, vested with unbridled authority over the estate. They might do any act respecting it which the court could authorize to be done if the entire estate were under his control or whatever testator could have done in her lifetime, except as restrained by the will itself. Schramm v. Hoch, (Tex.Civ.App.) 241 S.W. 1087; Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892, 49 S.W. 367; Ewing v. Schultz (Tex.Civ. App.) 220 S.W. 625, 630. Independent executors receive property in trust for the benefit of creditors and devisees. Stephenson v. McFaddin, 42 Tex. 322; Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570, 572. The probate court had nothing to do with their appointment, his only judicial act being to enter the order probating the will, after which it was the ministerial duty of the clerk of his court to issue letters testamentary to the executors named therein. Journeay v. Shook, 105 Tex. 551, 152 S. W. 809. If such executors were sane and twenty-one years of age, it was the mandatory duty of the county judge to order the probate of the will without inquiring into the other qualifications of the persons named therein as independent executors. Shaffer et al. v. Luby's Estate et al. (Tex.Civ.App.) 297 S.W. 582; Journeay v. Shook, 105 Tex. 551, 152 S.W. 809. The law in such cases vested the absolute power in the testator to select his own representative, subject only to the qualifications named above. No judicial act of the court is directly involved in their appointment. Not so with the ordinary administrator, whose appointment and duties are under the direct control and supervision of the probate court, the nature of which is too well known to here require a detailed discussion."

Appellants stress the fact that Mrs. Higginbotham neglected "for a period of thirty days after the death of the testator to present the will for probate" and contend that the result of such delay is that the court was required by Art. 3355 to appoint Mrs. Higginbotham administratrix with the will annexed. This contention is overruled. In Journeay v. Shook, 105 Tex. 551, 555, 152 S.W. 809, 811, it was said with reference to a somewhat similar contention " * * * the will having been probated, all that was done or omitted to be done prior to that time is immaterial * * *." While Art. 3355 may permit the probate court to appoint an administratrix with the will annexed when the independent executor named in the will neglects for thirty days after the death of the testator to present the will for probate, we think it does not follow that such delay will thereafter prohibit probate of the will and issuance of letters testamentary to the independent executor named in the will. Our question is, Did the county judge refuse to recognize the testator's appointment of an independent executrix and appoint Mrs. Higginbotham administratrix with the will annexed? Both the application for probate of the will and the court's order thereon are somewhat confusing. The trial court construed the appointment as that of an independent executrix, not an administratrix with the will annexed. We think the order and the evidence susceptible of that construction and interpretation.

We overrule appellants' contention that plaintiff, by its pleadings, waived its right to foreclose its lien against the specific property upon which it had a lien and establish its right of priority of payment out of that property alone, superior to other claimants whose debts arose out of the last sickness and funeral of deceased.

The judgment of the district court is affirmed.