## FIRST STATE BANK OF STRATFORD, TEX., et al. v. ROACH.

### No. 10068.

Circuit Court of Appeals, Fifth Circuit.

Dec. 17, 1941.

Wm. Q. Boyce, of Amarillo, Tex., and Frank M. Tatum, of Dalhart, Tex., for appellants.

E. Byron Singleton, of Amarillo, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

This is an appeal from the over-ruling of a motion to dismiss the proceeding upon the allegation of creditors that the deceased was not a farmer under Section 75, sub. r, of the Bankruptcy Law, 11 U.S.C.A. § 203, sub. r.

Both the facts and law of this case are fully covered in the opinion of the lower court, which we approve and adopt as follows:

"This is an unusual farmer debtor proceeding in bankruptcy, presenting questions about which we have little authority to guide us. The petition was filed on the 22nd day of February, 1941, by Sammie E. Roach, as independent executrix of Lunnie Boney. Having failed in any efforts at composition or extension, the petitioner filed under subsec. s of Section 75, praying that the estate be adjudged a bankrupt. Pursuant thereto the customary steps were taken, and a reference made to the Honorable Perry S. Pearson as Referee for further proceedings under said section. On the 15th day of March, 1941, at the conclusion of the taking of the testimony at the first creditors' meeting, the First State Bank of Stratford, Arthur Ross and W. A. Ross, each being creditors of Lunnie Boney, deceased, filed a motion to dismiss the proceeding, which was overruled by the Conciliation Commissioner. The matter is here to review that action.

"The first ground of the motion is that Lunnie Boney, at the time of her death, was not a farmer as defined in either Sec. 1, sub. 17, or Sec. 75, sub. r, of the Bankruptcy Act, 11 U.S.C.A. §§ 1(17), 203, sub. r. The Commissioner after hearing the facts, found that Lunnie Boney was a farmer at the time of her death. The evidence shows she owned the two sections of land upon which the creditors herein have liens, located in Dallam County, Texas, and in the years of 1929 and 1930 had same planted to wheat; that her hired hands did all of the work for her, they having no interest whatsoever in the crops; also, that she hired the machinery with which same was cultivated. During each of those years some wheat was harvested. Her personal labor in connection with the farming consisted largely of cooking for the thrasher hands. Likewise, she had wheat planted in the fall of 1931 for a 1932 wheat crop. This crop appears to have been a complete failure. She died April 5, 1932. The wheat year here in the Panhandle of Texas is usually from about the 1st of September to about the 10th of July of the following year. Whether a person is a farmer under the terms of the Bankruptcy Act is not determined by the success or failure of the farming venture for any particular year. Under these circumstances, Lunnie Boney was no less a farmer at the time of her death, and in the crop year of 1932, than she was in the crop years of 1929-30 and 1930-31. The creditors rely upon the case of Baxter v. Savings Bank of Utica, New York, 92 F.2d 404, decided by the Fifth Circuit. In that case, the court held that the farming activities of the debtor were more in the nature of property management. I do not think the case is applicable here. If the facts of this case are all looked to, it will readily be realized that a frail injured woman, such as Lunnie Boney was during the years in question, could hardly be 'primarily bona fide personally engaged in producing products of the soil' in any other manner than by hiring some one to do the actual tilling of the soil. She personally hired all the hands that did the farming, paid them for their labor, part time occupied a shack on the farm and cooked for the hands. This presents a very different picture from the above case, or any other cases cited by the creditors.

"The next point raised is that Sammie E. Roach, in her capacity as independent executrix, is not the personal representative of Lunnie Boney, because the administration of the estate has been concluded. This is based on the fact that the

will so appointing her as independent executrix was probated and letters testamentary thereunder were granted to Sammie E. Roach on the 2nd day of May, 1932; that Arts. 3602 and 3681, Vernon's Annotated Texas Civil Statutes contemplate the winding up of such administrations upon the estates of decedents within one year after the issuance of such letters; that it has been held in Texas, it may be presumed after the lapse of four and a half years from the granting of such letters that such an administration had closed, and the independent executrix thereafter holds the estate only in a capacity as trustee. The case cited to support this view is Nesbitt v. First State Bank of San Angelo, Tex.Civ. App., 108 S.W.2d 318. That case merely holds that such a presumption may be indulged in. Applying that case here, such presumption, nevertheless, can be rebutted by evidence showing that this administration was continuing through all the intervening years and up to the date of the filing of the petition herein. That is what the evidence here conclusively does show. The creditors, and even those making the motion to dismiss, have continually dealt with the executrix in her capacity as such. In addition to that, there is no evidence in the record anywhere showing or tending to show that Sammie E. Roach ever did anything concerning this estate with the idea or thought that she was acting in a capacity merely as a trustee. The will of Lunnie Boney provides: 'I nominate and appoint my said sister, Sammie E. Roach, sole executrix of this will, and direct that no security shall be required of her as such executrix.'

"In her testimony, she recited many business matters she transacted in behalf of the estate during the early years of the administration, and, of course, all of them in her capacity as independent executrix. As to the latter years immediately preceding this petition, likewise she testified to many business matters she had attended to in behalf of the estate. Among others that she leased part of the land involved for oil in the year 1940, receiving upon one tract $640 down payment, and $320 yearly rental, all of which was applied upon first mortgage liens against the land. Also, that she kept the taxes paid on said property up to this year. The record reveals that the First State Bank of Stratford, one of the creditors here, sued her in her capacity as independent executrix on the 26th day of February of this year, in which it sought a judgment on its claim, foreclosure of its lien, etc. When you take all the facts into consideration, it conclusively rebuts any reasonable presumption of law that the administration had been concluded.

"The third proposition upon which the creditors rely presents a more interesting question. It is that the petition should be dismissed because Sammie E. Roach, as such executrix, did not obtain an order from her Probate Court, authorizing her to file the petition herein. For this they rely upon Sec. 202a of Title 11, U.S.C.A. as follows: 'Section 202 of this title shall include the personal representative of a deceased individual for the purpose of effecting settlement or composition with the creditors of the estate: *Provided, however,* That such personal representative *shall first obtain the consent and authority of the court* which has assumed jurisdiction of said estate, *to invoke the relief provided by this title.*' (Italics mine.)

"The motion to dismiss was filed while the debtor was seeking to perfect a settlement for composition with the creditors of the estate, and before the debtor had filed to be adjudged a bankrupt under subsec. s of Sec. 203. Since the executrix here did not apply for, nor receive, any express authority from the Probate Court of Dallam County, Texas, to file this particular proceeding, it may be conceded, if Sec. 202a is to be strictly and literally construed, the proposition should be sustained. On the other hand, if the Court is privileged to apply a liberal construction such as would be reasonable, that would accomplish the obvious intent of Congress, the motion should be overruled. Of course the Act is mandatory and applicable to any and every personal representative of a deceased who seeks to invoke this relief. On the other hand, in that regard, the substance of Sec. 202a is that such personal representative first have authority from the Court having jurisdiction of the estate, to file such a proceeding in the Bankruptcy Court for the purpose of effecting a settlement or a composition with the creditors of the estate.

"If Sammie E. Roach, as such independent executrix under the laws of Texas, and the orders of the Probate Court having jurisdiction over her, has authority to file and prosecute this proceeding, it should be held that the requirement of Sec. 202a has been fully met. In so far as the laws of Texas could go, she was so empowered as a result of the probate of the will in May, 1932

and the issuance of the letters testamentary by the County Court of Dallam County, Texas, which has a limited jurisdiction over her. Sec. 202a does not specify when such authority is to be acquired. It does not say the required authority must be expressly to file this proceeding. It merely requires that she first have such authority. Nor is the petitioner denied this right because such authority was granted to her prior to the enactment of these laws for the relief of farmer debtors. Being clothed with such power when she presented her petition would be sufficient.

"Since Sec. 202a, with said limitations, and subsec r of Sec. 203 expressly grant the right to all personal representatives of such estate to avail of the benefits of the Act, whether such an independent executrix is qualified, or can qualify, we must look to the laws of the State of Texas, and the effect of the orders of the Probate Court of Dallam County, Texas.

"In Texas, the power of testators to appoint such personal representatives to administer their estates independent of the Court is provided by Art. 3436 of Vernon's Civil Statutes of Texas, as follows: 'Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate.'

"Here Lunnie Boney, the testatrix, directed first that all of her debts be paid. Such an independent executrix may be removed by the Probate Court for the failure to pay debts. Subsec. c of Sec. 203 makes a declared purpose to pay debts a requisite of any farmer's petition who seeks a composition or extension of his debts. Such is the sole purpose here. Such a will as Lunnie Boney's at her death conferred no effective power upon the executrix named. No more after than before the death of the testatrix. It would remain inoperative and wholly ineffective until same was probated. It is only given life and legal force by the Court. It was the act of the Court in probating the will and issuing letters testamentary that empowered the executrix to act. Not any direction as to what to do, but all power to do anything is from the Court.

"The outstanding peculiarity of the system is as held by the Supreme Court of Texas that such an independent executrix under said Art. 3436 can do whatever

the Court could authorize to be done if the estate were under its entire control. Roy v. Whitaker, 92 Tex. 346, 48 S.W. 892. In Texas the probate of the will and the granting of letters testamentary by the County Court has the effect to empower such independent executrix to do any and everything, independent of the Court, that she could do were she a regular executrix or administratrix, entirely under the Court's jurisdiction. The Probate Court, however, after the issuance of such letters, has no jurisdiction whatsoever over such an independent executrix, or the estate, or its administration, except in the one particular, viz., that it may remove such executrix for failure to discharge her duties. Roy v. Whitaker, supra; Roberts v. Connelle, 71 Tex. 11, 8 S.W. 626; McMahan v. McMahan [Tex.Civ.App.], 175 S.W. 157; Ewing v. Schultz [Tex.Civ.App.], 220 S.W. 625; Fernandez v. Holland-Texas Hypoteek Bank of Amsterdam, Holland [Tex. Civ.App.], 221 S.W. 1004.

"The statutes of Texas above everything else enjoin upon executors and administrators the duty of protecting and conserving the estates administered by them. The effect of the statutes and decisions are that such executors and administrators, upon due orders entered by the Probate Court, can do everything the testator himself could have done in the management of his own estate. The test here is whether a Probate Court, upon request duly made, could grant the authority required by Sec. 202a to the ordinary executor or administrator. There are many Texas statutes bearing upon the powers of such executors and administrators, but I feel it is only necessary to quote one of them, Art. 3430 of Vernon's Civil Statutes, as follows: 'When an executor or administrator deems it for the interest of the estate to purchase or exchange property, or to take any claims or property for the use and benefit of the estate in payment of any debt due or owing to the estate, or to compound bad or doubtful debts due or owing the estate, *or to make compromises or settlements* in relation to property or claims in dispute *or litigation,* or to compromise or pay in full any secured claim which has been allowed and approved as required by law against the estate by conveying the real estate securing the payment of the claim to the holder thereof in full payment, liquidation and satisfaction of such claim and the cancellation of any and all notes, deeds of trust, mortgages or other liens evidencing or securing the payment of

such claim, he shall present an application in writing to the County Court representing the facts; and *if the Court is satisfied that it will be to the interest of the estate to grant the same, an order shall be entered showing the authority granted.'* (Italics mine.)

"Art. 3432a, in the same connection, provides that such an executor or administrator, upon application for, and order authorizing same, may renew or extend any obligations owing by or owing to such estate. Such executors, under orders of the Probate Court, may sue or be sued in any Courts having jurisdiction over matters affecting their estates. Such statutes likewise measure the powers of independent executors. Such being the law, it would appear most untenable to argue that, were this petitioner acting as administratrix of this estate, she could not be fully authorized by the Court of Dallam County to enter into the Bankruptcy Court, as she has in this instance, for the purpose of settling and compromising or extending the debts of the estate.

"If the motion here is overruled, the administration of the estate will proceed under subsec. s of Sec. 203, and its subdivisions 1, 2, 3, 4, 5 and 6. Those subdivisions are too long to quote here, but after carefully reading them, I am not able to see that this petitioner will be called upon to assume duties or obligations inconsistent with the powers she possesses under the statutes and decisions of Texas. Certainly she could not be removed by the Court for a failure of duty, and that is the one power the Court can exercise. All possible relief provided by the Act looks to the preservation of estates being administered. Of course, there are limitations upon the powers of all such representatives of estates, and it may be this petitioner could not avail of some relief provided by this bankruptcy act. But we are not to that, and the Referee will have to keep in mind such limitations.

"It is pertinent to note that Associate Justice Brown, speaking for the Supreme Court of Texas in Roy v. Whitaker, supra, [92 Tex. 346, 48 S.W. 894], said: 'We have not found that any other state has a statute which authorizes a testator to withdraw his estate from the control of the courts. We must therefore rely upon the decisions of our own court for aid in construing article 1995 of our Revised Statutes of 1895 * * *.'

"The statute he was construing was the same as Art. 3436 today. It can be readily seen, if Section 202a supra, is to be strictly and literally construed that all independent executors in this State could not avail of the Act, while all other executors and administrators in other States and in Texas could do so. That follows because the Probate Court of Dallam County is absolutely without any present power or authority to grant petitioner her authority to file this or any other suit. Associate Justice Brown makes that clear in Roy v. Whitaker, supra, which I may add is the foundation case in Texas on this subject, as follows: 'That article does not purport to withdraw the estate from the jurisdiction of the county court, but permits the testator to commit to his executor the performance of all acts in reference to the "settlement" of the estate without control of the court. The estate remains under its jurisdiction, the administration is still pending, but the court is restrained by the terms of the law from taking any action in regard to the settlement of the estate while the executor appointed by the will continues to discharge his duties. The court may exercise its jurisdiction as to other matters, such as to annul a provision of the will, or to require the executor to give bond, and the like, while he continues to act; but during that time, without action by the court, the executor can adjust and pay debts against the estate, and for that purpose may sell the property of the estate, can set apart the exempted property, or pay the allowance in lieu thereof to the widow and children of the deceased, and, having paid the debts, may distribute the estate among the heirs or devisees, because these are acts done by him in the "settlement" of the estate. With reference to such matters the executor can do whatever the court could authorize to be done, if the estate was under its entire control.'

"For the reasons stated, the action of the Conciliation Commissioner in overruling the motion to dismiss will be sustained."

The judgment appealed from is affirmed.