**Allen ALFORD, Appellant,**

v.

**Dan Frank ALFORD et al., Appellees.**

**No. B2381.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1980.

Rehearing Denied May 21, 1980.

Scott Lyford, Austin, for appellant.

Kent M. Rider, Joseph & Rider, Austin, for appellees.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

MILLER, Justice.

In this appeal from the county court's refusal to grant letters testamentary to the appellant, Allen Alford, we are faced with interpreting a long-standing statute which seems to be little known and to be less understood.

Decedent, Robert A. Alford, died August 7, 1979 leaving a valid will which named the appellees herein, Dan Frank Alford and H. Hoover Alford, as independent executors without bond, and provided that there be no probate administration by the courts. On August 14, the executors learned that they had been so appointed, and the following day employed an attorney to file the will for probate. On September 26, appellant filed an application for issuance of letters of administration with will annexed. Appellees subsequently engaged another attorney, and, on October 16, filed the decedent's will for probate together with their application for letters testamentary. The court heard both cases simultaneously, and, by identical order entered in each case denied appellant's application, admitted the will to probate and granted letters testamentary to appellees. This appeal is from the order denying appellant's application for letters of administration. We affirm the judgment of the court below. Our opinion in Case No. A2382, Tex.Civ.App., 601 S.W.2d 410, issued this day affirms the order admitting the will to probate and granting letters testamentary to the executors named therein.

Appellant contends that under the provisions of Section 178(b) of the Texas Probate Code, the appellees having forfeited their right to have the will probated, there is a necessity for administration of the estate, and the court below erred in not so holding. That part of section 178(b) pertinent here has been on the statute books since 1848 in substantially its present form, but, amazingly, there have been just two cases which directly interpret it. The statute reads as follows:

(b) Letters of Administration. When a person shall die intestate, or where no executor is named in a will, or where the executor is dead or shall fail or neglect to accept and qualify within twenty days after the probate of the will, or *shall neglect for a period of thirty days after the death of the testator to present the will for probate,* then administration of the estate of such intestate, or *administration with the will annexed of the estate of such testator, shall be granted, should administration appear to be necessary.* (Emphasis added).

The meaning of the statutory phrase "neglect for a period of 30 days" was construed in *Stone v. Brown,* 16 Tex. 425 (Tex.Sup. 1856). In that case the court declared "[w]e believe . . . that the term, when used as a basis of penalty or a forfeiture, must be the neglect of a known duty. A failure to do or not to do an act, to make it an act of negligence, the person so doing, or not doing, must know that it is his duty to do it, and with that knowledge he fails to do it. There are some things that it is so clearly our duty to do, that there can be no doubt about it; and a failure in such cases, if in our power, would be negligence. A more stringent and literal construction of the word neglect would, in some instances, defeat the manifest intention and spirit of the law. . . . The word neglect must be construed with reference to the *quo animo* attending the omission to do the thing required. Every omission to do an act that ought to be done will not amount to a neglect to do it, within the spirit of the law." 16 Tex. at 428–429.

The supreme court then held that inasmuch as there was no intention by the named executor to neglect presenting the will in a timely manner, the will was entitled to probate and the executor named therein to letters testamentary.

In the only other case interpreting the statute, *Higginbotham v. Alexander Trust Estate,* 129 S.W.2d 352 (Tex.Civ.App.—Eastland 1939 writ ref'd), the court held that the statutory provisions permitted the court to appoint a temporary administrator with will annexed, but did not thereafter prohibit probate of the will and issuance of letters testamentary to the independent executor named in the will.

Our analysis of the provisions, judged by the overall statutory scheme, is that it gives the probate court the flexibility to act if for some purpose the named executor withholds probate of the will. If, subsequently, the executor comes forward within the statutory period for probating a will and offers the will for probate and applies for letters testamentary, the court has no discretionary power to refuse to issue letters to the named executor unless he is a minor, an incompetent, or otherwise disqualified under the provisions of Section 78, Texas Probate Code. *Cocke v. Smith,* 142 Tex. 396, 179 S.W.2d 954 (1944); *Journeay v. Shook,* 105 Tex. 551, 152 S.W. 809 (1913). The tenure of an administrator or temporary administrator previously appointed would thereupon be terminated.

In the case at bar, it is clear that the named executors did not fail in a known duty. Their actions did not trigger the application of section 178(b), but even assuming that their actions did so, upon their presentation of the admittedly valid will and application for letters, the court was powerless to do other than admit the will to probate and issue letters to the executors named therein. Any other action would illegally thwart the express intent of the testator.

Inasmuch as that part of the order admitting the will to probate and granting appellees letters testamentary is valid, the appeal of the court's refusal to grant letters of administration to appellant is without merit.

Judgment affirmed.