Allen **ALFORD**, Appellant,

v.

Dan Frank **ALFORD** et al., Appellees.

No. A2382.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 30, 1980.

Rehearing Denied May 21, 1980.

Scott Lyford, Austin, for appellant.

Kent M. Rider, Joseph & Rider, Austin, for appellees.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

MILLER, Justice.

This is a companion case to *Alford v. Alford,* Tex.Civ.App., 601 S.W.2d 408, No.

B2381, affirmation of which is contained in our opinion also issued today. We affirm the county court's admission of the will of Robert A. Alford to probate and issuance of letters testamentary to appellees, Dan Frank Alford and H. Hoover Alford. The parties to, and facts surrounding, the two cases are identical; the cases were heard simultaneously in the county court; and identical orders were issued in each case.

Robert A. Alford, who died testate on August 7, 1979, named appellees as his independent co-executors. When they failed to file his will for probate within the 30 day period prescribed by Section 178(b) of the Texas Probate Code, appellant applied for letters of administration with will annexed. Thereafter, on October 16, appellees applied for probate of the will and issuance of letters testamentary. The instant appeal is from the court's order granting appellee's application.

Appellees have moved to dismiss the appeal in this case on the theory that, since the two cases were not consolidated, appellant did not appear in this case and therefore is not a party to it. Hence he has no standing to appeal. We disagree and overrule the motion to dismiss.

Appellant participated in the trial before the county court; he was permitted to cross-examine a witness called by appellee; he presented evidence; he requested findings of fact and conclusions of law from the trial court which request was granted. All of this was accomplished without objection from appellee. Appellee has waived his right to object to appellant's failure to file written pleadings in the cause. He cannot raise the issue for the first time on appeal. Tex.R.Civ.P. 67, 90; *Lowther v. Lowther*, 578 S.W.2d 560 (Tex.Civ.App.—Waco 1979, no writ).

However, as fully explained in our opinion in the companion case, B2381, 601 S.W.2d 408, appellant's appeal of the order of the court below admitting the will of Robert A. Alford to probate and granting letters testamentary to appellees is without merit. The judgment is affirmed.