**In re ESTATE OF Roscoe Manville TOURING, Deceased, Relator.**

No. A14–88–592–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 20, 1989.

Thomas H. Cantrill, Claudia B. Sangster, R.J. Watts, II, Dallas, for appellant.

C. Boone Schwartzel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This case involves questions of law concerning the constitutionality and implementation of the so-called Substitute Fiduciary Act ("the Act"), Tex.Rev.Civ.Stat.Ann. art. 548h (Vernon Supp.1989). Appellant

MTrust Corp, N.A. applied for revised letters testamentary for the Estate of Roscoe Manville Touring, Deceased, after having been substituted as the estate's co-executor under the Substitute Fiduciary Act. The judge of Harris County Probate Court No. 1 denied appellant's application for letters testamentary, holding that the Substitute Fiduciary Act was unconstitutional and self-effectuating and that appellant had failed to comply with provisions of the Probate Code for the appointment of successor executors. In five points of error, appellant asserts that the probate court erred in denying its application for letters testamentary. We find that the Substitute Fiduciary Act is constitutional and reverse the judgment of the probate court.

The facts giving rise to this constitutional dispute reflect that Roscoe Manville Touring died on September 24, 1987, leaving a will naming his wife and Bank of the Southwest National Association, Houston, as independent co-executors of his estate. Bank of the Southwest National Association, Houston was succeeded by MBank Houston, N.A., thus qualifying MBank Houston, N.A. to be an independent co-executor with the deceased's wife. The deceased's last will and first codicil were admitted to probate, and letters testamentary were authorized by the probate court and issued by the clerk to the surviving wife and MBank Houston, N.A.

MBank Houston, N.A. and appellant MTrust Corp, N.A. are both subsidiaries of MCorp which owns, either directly or indirectly, more than fifty percent of the voting stock of both. MBank Houston, N.A. and appellant agreed to substitute appellant for MBank Houston, N.A. as independent co-executor of the Touring estate, effective January 1, 1988. They entered into a written substitution agreement pursuant to the Substitute Fiduciary Act. The substitution agreement provided that appellant was to be substituted for MBank Houston, N.A. in all its existing and prospective fiduciary appointments causing the powers, duties, and obligations of MBank Houston, N.A. as independent co-executor to be conferred upon appellant. After the effective date of the substitution agreement, appellant sought to transfer various interests of the estate held by various third parties into its name as co-executor. The third parties required that appellant furnish letters testamentary to evidence its authority to act as co-executor.

Appellant filed an Application for Grant and Issuance of Letters Testamentary Under Section 88(e) of the Texas Probate Code and filed an Amended Application for Probate of Will and Issuance of Letters Testamentary. The probate court denied the application on the grounds that:

1. The Substitute Fiduciary Act violates the principles of substantive due process because no social necessity exists which is sufficient to justify the restrictions the Act places upon the rights and liberties of testators, beneficiaries and the court;

2. The Act violates procedural due process since it permits substitution of a fiduciary without the requirement of any notice other than the filing of the agreement with the Texas Banking Commissioner which does not constitute sufficient notice;

3. The Act violates Article II, Section 1, of the Texas Constitution since it permits substitution without the approval of a court, thereby constituting a legislative invasion of a judicial function;

4. If the Act is constitutional, it and the substitution agreement in this case are self-effectuating, thereby automatically substituting appellant for MBank Houston, N.A. as independent co-executor without the necessity of any further judicial action, including the issuance of revised letters testamentary; and

5. Appellant has failed to comply with § 88(e), § 145, and § 154A of the Probate Code providing for the appointment of a successor independent executor.

Appellant appeals the probate court's denial of its application for letters testamentary in five points of error which challenge each of the court's holdings.

In its first point of error, appellant asserts that the probate court erred in not directing the issuance of letters testamentary because the Act does not violate substantive due process. The same standards for substantive due process are applied under Article I, Sec. 19 of the Texas Constitution and the Fourteenth Amendment of the U.S. Constitution. *Mellinger v. City of Houston*, 3 S.W. 249, 253 (Tex.1887); *Massachusetts Indemnity and Life Insurance Company v. Texas State Board of Insurance*, 685 S.W.2d 104, 113 (Tex.App.—Austin 1985, no writ). Therefore, we must determine whether the Act arbitrarily deprives someone of life, liberty, or property privileges or immunities without due process of law. To determine whether such a deprivation exists requires a two-step analysis: first, the asserted individual interest must be encompassed within the constitutional protection of life, liberty, or property; and second, if it is encompassed, the procedures thus employed must afford due process of law. *Sullivan v. University Interscholastic League*, 599 S.W.2d 860, 863 (Tex.Civ.App.—Austin 1980), *aff'd in part and rev'd in part on other grounds*, 616 S.W.2d 170 (Tex.1981), *citing Ingraham v. Wright*, 430 U.S. 651, 672, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977). There is a presumption of constitutionality in favor of an act of the Legislature. *Spring Branch I.S.D. v. Stamos*, 695 S.W.2d 556, 558 (Tex.1985).

When a statute is subjected to this two-step analysis, but no fundamental right is involved, the substantive due process inquiry determines whether any rational relationship can reasonably be conceived between the Act's purpose and its means. *Retail Merchants Association of Houston, Inc. v. Handy Dan Hardware, Inc.*, 696 S.W.2d 44, 54 (Tex.App.—Houston [1st Dist.] 1985, no writ). Fundamental rights are those guaranteed by the Bill of Rights of the United States Constitution, are in some way traceable to the constitution, or are those that the courts feel are preservative of other basic political and civil rights. *Retail Merchants Association of Houston, Inc.*, 696 S.W.2d at 51, *citing*

*Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Although the right of a testator to name an executor in a will indirectly affects the ultimate disposition of property, this right is a statutorily created right and is not absolute. *See Huffman v. Huffman*, 329 S.W.2d 139, 142 (Tex.Civ.App.—Fort Worth 1959), *aff'd*, 161 Tex. 267, 339 S.W.2d 885 (1960). This is evident as the Probate Code has express provisions for disqualifying certain administrators named in a will. Tex. Probate Code Ann. § 78 (Vernon 1980). The Substitute Fiduciary Act encroaches only upon the testator's right to name an executor and does not burden an inherently suspect class. *See Spring Branch I.S.D.*, 695 S.W.2d at 560. Because this right is outside the ambit of fundamental rights, we must review all the evidence to determine whether the Act excludes the possibility that there is *any* rational relationship between the Act's purpose and its effect, and whether the evidence excludes the possibility that the Act bears any rational relationship to an actual or articulated interest. *Retail Merchants Association of Houston, Inc.* 696 S.W.2d at 51.

The purpose of the Act is to promote efficient and cost-effective delivery of fiduciary services by allowing the placement of these services within a single corporate entity which maintains offices throughout the State of Texas. Benefits which result are: (1) availability of a broader range of fiduciary services and products in smaller communities that might not be financially justified or available otherwise; (2) higher quality investment services; (3) enhanced control and supervision of fiduciary personnel; and (4) cost savings through the elimination of unnecessary duplication of personnel and equipment. Nine other states, including New York and Florida, have enacted similar substitution legislation. Ariz. Rev.Stat.Ann. 6–385 (1987); Fla.Stat.Ann. § 660.46 (West 1984); Minn.Stat.Ann § 48.846 (West 1987); N.Y. Banking Law § 154 (McKinney 1987); Ohio Rev.Code Ann. § 1109.021 (Anderson 1986); S.D. Codified Laws Ann. § 51–19A–15, 51–19A–16, 51–19A–17 (1980); Tenn.Code Ann. § 45.2–

1008 (1980); Va.Code Ann. § 6.1–32.9 (1987); Wis.Stat.Ann. § 223.07 (West 1982).

It is also argued that the Legislature has gone too far in passing an act which enables financial entities, for their own alleged selfish reasons, to encroach unconstitutionally upon testators' intent. The Act, however, provides that the creator of the fiduciary account may ensure that the account is not eligible for substitution through appropriate language in the document creating the account. Article 548h, Sec. 2(d) (Vernon Supp.1989). Thus, the Act can be avoided entirely.

In the present will, the testator appointed his wife and Bank of the Southwest National Association, Houston, as independent executors and trustees of his estate. He provided for Bank of the Southwest to act alone if his wife was unable for any reason to act. He further gave any trustee or substitute or successor trustee the right to appoint a successor trustee, thereby expressing the intent to allow substitution of the originally named successor trustees which were his wife and Bank of the Southwest.

The testator provided for flexible appointments of successor trustees by authorizing the appointment of successor trustees from time to time prior to the date the succession becomes effective. The testator also gave the remaining trustee the power to appoint another trustee to act in the former trustee's place, thereby superceding the original appointments made in the will. A successor trustee may be any individual, bank, or trust company domiciled anywhere so long as the appointment is made by written instrument filed with the records of the trust estates.

These will provisions indicate that the testator contemplated total corporate management as well as provided for a liberal appointment scheme for successor trustees. He further contemplated management by someone other than those expressly named in the will. In fact, Bank of the Southwest National Association which was named in the will as original executor was succeeded by MBank Houston, N.A. pursuant to a corporate succes-sion. Therefore, substitution under the Act did not thwart the testator's intent.

It is argued that the reasons behind the adoption of the act is to benefit financial institutions to the detriment of the individual testators and beneficiaries. However, the Act does not give holding companies and financial institutions the power to administer an estate through a separate entity which may be undercapitalized or sold to a foreign company. The Act requires the owning bank holding company to file with the banking commissioner an irrevocable undertaking to be fully responsible for the existing and future fiduciary acts and omissions of its subsidiary trust company. Article 548h, Section 7 (Vernon Supp.1989). Further, for purposes of qualification as successor fiduciary under any document creating the fiduciary account or any statute relating to fiduciary accounts, the subsidiary trust company is valued to have capital and surplus equal to its own capital and surplus plus that of its owning bank holding company. Article 548h, Section 8 (Vernon Supp.1989). Thus, the threat of undercapitalization has been neutralized.

The Act also provides a mechanism to challenge a transfer of the fiduciary account. Under Section 2(e), an objection can be filed with the affiliated bank which will halt the substitution so long as all parties entitled to notice under the Act file a written objection to the proposed substitution. Any party is entitled to object via a written petition to a court of competent jurisdiction and to seek to have the substitution denied. Thus, if all parties object, the objection need only go to the bank to avoid court proceedings and the substitution. If only one or a few parties object, a judicial proceeding must be held to determine whether the substitution will be granted. Moreover, the Act specifies the standard applied in any judicial proceedings based upon whether the substitution will effect a change in the situs of administration. Article 548h, Section 3 (Vernon Supp.1989). Thus, the trial court is guided by standards provided by the Act in its determination of whether substitution should be allowed. Further, the Act provides that the judicial

proceedings governed by the Act for denial of substitution are cumulative to any other statute or any applicable provision for removal of a fiduciary or appointment of a successor fiduciary. Article 548h, Section 3(d) (Vernon Supp.1989).

The Act also provides costs and reasonable, necessary attorney's fees to be awarded as the court finds equitable and just, so that an individual beneficiary can challenge a large corporate fiduciary. Tex. Rev.Civ.Stat.Ann. art 548h, Sec. 3(e) (Vernon Supp.1989).

It is evident that the Act's purpose is rationally related to its means. The legitimate state interest in ensuring maximal investment opportunities for estates outweighs its minimal effect on a testator's personal and property rights. Therefore, the Act is neither arbitrary nor unreasonable and does not violate substantive due process. We sustain appellant's first point of error.

■ In its second point of error, appellant asserts that the probate court erred in not directing the issuance of letters testamentary because the Act does not violate procedural due process. The probate court found the Act deficient because, other than the filing of the agreement with the Texas Banking Commissioner, there was not sufficient notice of the substitution. We find that sufficient notice is provided by the Act so that it meets the requirements of procedural due process.

The Act affords significant notice protection. Section 2(b)(1) of the Act requires written notice not later than 90 days before the effective date of a substitution. If the substitution does not effect a change in the situs of administration of the fiduciary account, notice must be sent to:

(A) each person who is readily ascertainable as a beneficiary of the account because of the receipt of statements of account by the person, or in the case of a minor beneficiary, by a parent, conservator, or guardian of the minor beneficiary;

(B) each co-fiduciary;

(C) each surviving settlor of a trust;

(D) each issuer of a security for which the affiliated bank administers a fiduciary account;

(E) the plan sponsor of each employee benefit plan;

(F) the principal of each agency account; and

(G) the guardian of the person of each ward under guardianship.

If the substitution effects a change in the situs of administration, written notice must be sent to each adult beneficiary, each representative of beneficiaries entitled to receive current distribution of income or principal from the account, each co-fiduciary, each surviving settlor of a trust, each person who alone or with others has the power to remove the fiduciary being substituted, and the other persons entitled to notice listed above. Tex.Rev.Civ.Stat.Ann. art. 548h, section 2(b)(2) (Vernon Supp. 1989).

Additional notice was provided in this case. The present estate's fiduciary account came into existence after the execution of the substitution agreement between appellant and MBank Houston, N.A. on October 1, 1987 but before the filing of the application for probate and issuance of letters testamentary and before the effective date of the agreement on January 1, 1988. The probate application identified the status and interest of appellant as a candidate for substitution and notice of the application was posted. The agreement was on file with the Texas Banking Commissioner on or about December 22, 1987. This created a prospective fiduciary account within the meaning of the Act with notice being governed by Section 33(f)(2) of the Probate Code which provides for posted notice. Statutory notice of the application for probate by posting has been held to meet the requirements of procedural due process. *Estate of Ross*, 672 S.W.2d 315, 318 (Tex. App.—Eastland 1984, writ ref'd n.r.e.), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985), *citing Ladehoff v. Ladehoff*, 436 S.W.2d 334 (Tex.1968).

Appellant asserts that the Act is analogous to Article 342–308 ("Merger—Trust Powers") of the Texas Banking Code of

1943 with respect to the question of notice as implicating procedural due process. That Article provides that if an existing bank is acting as a trustee, guardian, executor, administrator, or in any fiduciary capacity at the time of a merger, its fiduciary responsibilities will be taken over by the post-merger entity without the necessity of any judicial action or action by the creator of such trust. There are no notice requirements at all under this article. Tex.Rev. Civ.Stat.Ann. art. 342–308 (Vernon Supp. 1989).

While the analogy is subject to attack because a merger is a hybrid continuation of the fiduciary entity while appellant is a separate entity under the same holding company as that of MBank Houston, N.A., the analogy is sufficient to show that notice is not critical.

It is argued that the testator does not have notice of the contents of his probate records, thus posting does not satisfy all procedural concerns. The perceived threat under this argument is that the testator does not have notice that an unknown third party corporate fiduciary can be substituted for the named fiduciary. Yet Section 2(d) of the Act expressly accommodates a testator who wishes to avoid a possible substitution by authorizing specific language in the document disallowing substitution. The testator is thus on notice that his will can be affected, or not, by the Substitute Fiduciary Act. With the notice safeguards provided for in the Act, procedural due process is not violated. We sustain appellant's second point of error.

■ In its third point of error, appellant asserts that the probate court erred in not directing the issuance of letters testamentary because the Act does not violate Article II, Section 1 of the Texas Constitution as an invasion of the judicial branch by the Legislature. We find that the Act does not violate the separation of powers doctrine.

The regulation and appointment of testamentary representatives has always been a creature of statute. *See Huffman,* 329 S.W.2d at 142. The functions of probate, trust and guardianship proceedings are not constitutionally committed to the control of the judiciary. These powers are granted to the probate court by the Legislature. Tex. Probate Code Ann. §§ 2, 4, 5, 88, 114, 119, 123, 130B, 130M, 178, 181, 220, 223 (Vernon 1980). Particularly this is so as to a probate court's authority to direct the issuance of letters or to appoint an initial, as well as a successor, personal representative, guardian or trustee. Tex.Probate Code Ann. §§ 77, 88, 145, 154, 178, 220 (Vernon 1980). The probate courts are not the exclusive constitutional power source for all probate laws. For example, the court must look to the Code to determine who is disqualified to serve as executor or administrator. § 78, Tex.Prob.Code Ann. (Vernon 1980). Further, the probate court does not control the appointment of independent executors. Rather, the court is under a mandatory duty to order the probate of the will so long as the named executors are not disqualified. No other discretionary judicial act of the court is involved in their appointment. *Higginbotham v. Alexander Trust Estate,* 129 S.W.2d 352, 357 (Tex.Civ. App.—Eastland 1939, writ ref'd).

The Substitute Fiduciary Act is the functional equivalent of other sections of the Probate Code promulgated by the Legislature. The Legislature has the power to pass statutes separate from the probate court that affect probate matters as well as the power to amend the Probate Code itself. *See, e.g.,* Tex.Prop.Code Ann. § 113.083 (Vernon 1984). To hold otherwise would have the opposite effect, it would give to the probate courts power over legislative prerogatives unsupported by the Constitution.

■ In its fourth point of error, appellant asserts that probate court erred in not directing the issuance of letters testamentary under § 88(e) of the probate code because the Substitute Fiduciary Act and the substitution agreement are not self-effectuating and the requirements of § 88(e) have been satisfied. Under Section 2(g) of the Act, the subsidiary trust company is automatically substituted without the necessity of any instrument of transfer or conveyance, without the necessity of any judicial action, and without the necessity of any

action by the creator of the fiduciary account. The probate court maintained that this self-effectuating provision automatically substituted appellant for MBank Houston, N.A. without the necessity of any further judicial action including any order directing the issuance of revised letters testamentary to appellant.

Although substitution is automatic under the Act, the Act does not provide that the subsidiary trust company is entitled to the issuance of letters testamentary evidencing its authority without the necessity of judicial action. Letters testamentary are not issued until the court's clerk issues them according to the court's order. *See* Tex. Prob.Code Ann. §§ 88(e), 182 (Vernon 1980). The probate court must take judicial action in ordering the letters testamentary to evidence appellant's authority to act for the estate. This is because the Act does not negate the necessity of a show of authority to third parties.

Section 2(g) of the Act provides that the subsidiary trust company shall become the fiduciary and perform all duties and obligations and exercise all powers and authority connected with or incidental to the fiduciary capacity as if originally named as fiduciary without the necessity of any judicial action. Under the Probate Code, third parties dealing with an estate's personal representative may rely upon letters testamentary as sufficient evidence of the appointment and qualification of the representative and of the date of qualification. § 186, Tex.Prob.Code Ann. (Vernon 1980). The Probate Code also provides that the clerk shall issue any number of letters as and when requested by the representative. § 187, Tex.Prob.Code Ann. (Vernon 1980). The requirement that the clerk shall issue any number of letters upon request anticipates third party interaction with an estate's representative and the show of authority which necessarily precedes any third party dealings. Without the written evidence of appellant's substitution as independent co-executor in the form of letters testamentary, appellant cannot effectively perform all the duties and obligations and exercise all the powers and authorities con-

ferred upon it as a consequence of the substitution.

The letters testamentary granted to MBank Houston, N.A., the written substitution agreement, and the Substitute Fiduciary Act do not constitute an effective written proof of the appellant's authorization to act as independent co-executor of the estate. The Probate Code does not contemplate that third parties must be trained in legal matters to determine whether the agreement is in conformity with the Act and on file with the Texas Banking Commissioner, to determine whether the original letters testamentary have been revoked, cancelled or modified, and whether these documents fall within the ambit of the Act. Instead, third parties acquainted with estate transactions will logically seek letters testamentary inhering appellant with authority to act for the estate.

Although the Act creates an automatic substitution without the necessity of any discretionary judicial action, it does not ease appellant's burden of proving authority to third parties. The issuance of an order granting letters testamentary to appellant gives appellant no additional rights to those already granted under the Act; yet these letters testamentary allow appellant to effectively deal with third parties efficiently, unequivocally, and customarily.

Appellant established that it was entitled to letters testamentary. Letters testamentary had previously been issued to the testator's wife and to MBank Houston, N.A. as independent co-executor of the estate. Through the operation of the Substitute Fiduciary Act, appellant and MBank Houston, N.A. entered into a substitution agreement causing appellant to be substituted automatically for MBank Houston, N.A. Posted notice was provided and the agreement was filed with the Banking Commissioner. Appellant was not disqualified to serve as independent co-executor. Thus, appellant showed the probate court that it was entitled to letters testamentary by law, i.e., the Substitute Fiduciary Act, and was not disqualified to serve. Tex.Prob.Code Ann. §§ 78, 88(e) (Vernon 1980). Once this

showing has been made, the probate court has no discretionary power to refuse to issue letters. *See Alford v. Alford,* 601 S.W.2d 408, 410 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). We sustain appellant's fourth point of error.

■ In its fifth point of error, appellant asserts the probate court erred in not directing the issuance of letters testamentary because the requirements of § 88(e) had been met. The probate court held that appellant failed to comply with §§ 88(e), 145, and 154A of the Probate Code governing the appointment of a successor independent executor. We find that §§ 145 and 154A are not applicable to the present substitution as it is governed by the Substitute Fiduciary Act. The substitution was automatic upon the completion of the Act's requirements and did not involve a "successor" independent executor. The Act is functionally equivalent to other sections of the Probate, Property, and Banking Codes which interface with each other, promulgated by the Legislature to provide guideposts to both testators and the judiciary in the disposal of property by will and the proper administration of the estate.

We sustain appellant's fifth point of error.

We reverse the probate court's judgment and remand with instructions that the probate court issue letters testamentary in accordance with this opinion.

J. CURTISS BROWN, Justice, dissenting.

The majority holds that a non-named successor executor to a will can be substituted without the approval of the testator, beneficiaries or any court. I cannot agree with this holding and must record my dissent. I believe the findings by the trial court holding the Substitute Fiduciary Act "the Act", Tex.Rev.Civ.Stat.Ann. art. 548h (Vernon Supp.1989), unconstitutional is correct and should be affirmed.

I agree with the trial judge that the Act violates the principles of substantive due process. There has been no showing of any social necessity that exists which is sufficient to justify the restrictions the Act places upon the rights and liberties of testators, beneficiaries and the court. The only necessity that I see for this statute is the possibility of being an economic tent to benefit the bank while taking away the right of the testator to select the one to administer his estate. I believe the evidence in the record supports the trial court's findings and I believe the Act deprives a person of his proper interest in selecting one to administer his estate after he is deceased. Thus, since no social necessity has been sufficiently shown, I find the Act reaches the level of arbitrary or unreasonable causing a violation of appellee's due process rights. *In Interest of B. __ M. __ N. __,* 570 S.W.2d 493, 510 (Tex.Civ.App. —Texarkana 1978, no writ).

I would also hold the Act unconstitutional as violating a person's right to contract found in Tex.Const. art. I § 16 which states:

> § 16. Bills of attainder; ex post facto or retroactive laws; impairing obligation of contracts
>
> Sec. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made.

Although a will is usually not treated in the same context as a contract, I believe the testator's conveyance of property and the selection of one to administer the estate should be given the right that Texas Citizens have in entering into contracts with one another without State interference.

I do not agree with the majority that section 2(d) of Article 548h allows the testator to avoid the application of the Act. First, the section is too vague and ambiguous to be construed as allowing the testator to avoid this act. Section 2(d) states:

> (d) Except as provided by this subsection, the prospective designation in a will or other instrument of the affiliated bank as fiduciary is considered designation of the subsidiary trust company, and any grant in the will or other instrument of any discretionary power is considered conferred on the subsidiary trust company. However,

the affiliated bank and subsidiary trust company may agree in writing to have the designation of the affiliated bank as fiduciary be binding, or the creator of the fiduciary account may, by appropriate language in the document creating the fiduciary account, provide that the fiduciary account is not eligible for substitution under this Act.

From my reading of this provision, I do not find the specificity needed to place this onerous burden on the testator. The language does not indicate what the term "creator of the fiduciary account" means, nor does it state in what document the testator can avail themselves of this harsh and unconstitutional act.

Finally, I believe the ability of an executor transferring administrators without the permission of the testator or the beneficiaries offends the long standing case law which states that a person of sound mind has the legal right to dispose of his own property as he sees fit and to prescribe the terms upon which his bounty should be enjoyed. *State v. Rubion*, 158 Tex. 43, 308 S.W.2d 4, 8 (1958). I find the Act violates this principle and should be struck as unconstitutional. Therefore, I would affirm the judgment of the trial court.